**Emil LAZO, Petitioner–Appellant,**

v.

**UNITED STATES of America,
Respondent–Appellee.**

No. 02–12483.

United States Court of Appeals,
Eleventh Circuit.

Dec. 16, 2002.

---

Emil Lazo, Coleman, FL, pro se.

Lynn Dena Rosenthal, Fort Lauderdale, FL, Anne R. Schultz, Dawn Bowen, Lisa T. Rubio, Miami, FL, for Respondent–Appellee.

Before ANDERSON, DUBINA and COX, Circuit Judges.

BY THE COURT:

Emil Lazo, a federal prisoner, appeals pro se the district court's denial of his motion, which he labeled "Motion for Relief From Judgment in the Collateral Proceedings Filed Under 28 U.S.C. § 2255 Pursuant to the Federal Rules of Criminal Procedure 12(b)(2) & Federal Rules of Civil Procedure 60(b)(4) and/or (6) Under the Premise the Otherwise Final Judgment is Void." We construe the motion as a successive motion under 28 U.S.C. § 2255, and because it is a successive motion, we hold that Lazo must obtain a certificate of appealability in order to appeal the denial of the motion. We deny a certificate of appealability.

In 1991, Lazo was convicted by a jury of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), and sentenced to 293 months' imprisonment. Lazo appealed his conviction; the sole argument on appeal was that the evidence was insufficient to support his conviction. We affirmed. In 1996, Lazo filed a motion to vacate his sentence under 28 U.S.C. § 2255, arguing that he had received ineffective assistance of counsel at sentencing. (R. Ex. 2–99; R.1–1.) In 1998, the district court denied Lazo's § 2255 motion. Lazo filed a motion for a certificate of appealability ("COA"), which the district court denied. Lazo filed an amended notice of appeal in this court seeking permission to file an application for a COA. He also filed a second request for a COA in the district court, which the district court denied. In 1999, we dismissed Lazo's appeal because he failed to make a substantial showing of the denial of a constitutional right. In January 2002, Lazo filed a motion and brief, which he labeled as being pursuant to Fed. R.Crim.P. 12(b)(2) and Fed.R.Civ.P. 60(b)(4), (6), seeking relief from the district court's previous denial of his § 2255 motion. (R. Ex. 2–172, 173.) While the motion says it seeks to attack the order denying § 2255 relief, neither the motion nor the brief attack the order on Rule 60(b) grounds. Instead, the motion and brief attack Lazo's conviction and sentence based on the argument that the indictment was insufficient to give the district court jurisdiction to try and convict Lazo. (*Id.*)

In March 2002, the district court, without explanation, summarily denied the motion. Lazo timely filed a motion for a COA in the district court and sought permission to proceed in forma pauperis. In April 2002, Lazo also filed a notice of appeal as to the denial of his Rule 60(b) motion. The district court granted the motion to proceed in forma pauperis and denied the request for COA.

██ ] The threshold issue is whether Lazo must obtain a COA before he can appeal the district court's denial of his Rule 60(b) motion, which sought relief from a judgment denying his § 2255 motion. The aim of a motion properly brought under Fed.R.Civ.P. 60(b) and a motion brought under 28 U.S.C. § 2255 are quite different. A § 2255 motion asserts that a conviction was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. A 60(b) motion, however, seeks to vacate a federal judgment based on matters that affected the integrity of the proceeding. A proper 60(b) motion will contain an argument that a court should relieve a party from a final judgment or order for one of the reasons enumerated in the rule.[1] In this case, a motion properly brought under 60(b) would seek to invalidate the judgment of the district court dismissing Lazo's § 2255 mo-

tion. The contents of the motion would be an attack on the district court's order denying Lazo's § 2255 motion, not an attack on the sentence itself.

██ ] Having examined Lazo's "Rule 60(b)" motion,[2] we conclude that it is the functional equivalent of a successive § 2255 motion.[3] In his Rule 60(b) motion, Lazo does not attack the district court's order denying his § 2255 motion. Instead, he makes the argument that his conviction is void because the district court lacked subject matter jurisdiction to hear his case and impose a sentence because the indictment was insufficient. He argues that the grand jury failed to allege an interference with interstate and/or foreign commerce under 21 U.S.C. § 801, failed to give him "notice" as to the penalty against which he must defend in violation of the Sixth Amendment, and failed to give jurisdiction to the sentencing court to impose his sentence under 21 U.S.C. § 841(b)(1)(A) by failing to establish an interference with interstate commerce. (R. Ex. 2–172, 173.) Lazo advances no Rule 60(b) argument to support an attack on the order denying his § 2255 motion. He simply makes new arguments attacking the validity of his sentence. After examining the contents of Lazo's motion, it is readily apparent that the motion is really a successive § 2255 motion in 60(b)'s clothing.

Because we construe the motion as the functional equivalent of a successive § 2255 motion, we hold that Lazo must

1. Those reasons include: mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, other misconduct of an adverse party, the judgment is void, the judgment has been satisfied, or any other reason justifying relief from the judgment. Fed.R.Civ.P. 60(b) (2002).

2. Under *United States v. Jordan,* 915 F.2d 622 (11th Cir.1990), district courts have an obligation to look behind the label of a pro se

inmate's motion to determine whether the motion is cognizable under a different remedial statutory framework. *Id.* at 624–25.

3. Lazo admits as much in his motion: "Movant respectfully prays this Court not construe this Rule 60(b)(4) motion as a second or successive motion ... [r]ather, that this motion 'relates back' to the original pleadings." (R. Ex. 2–173 at 26.)

obtain a COA prior to appealing the denial of his motion. This holding is consistent with our decision in *Mobley v. Head*, 306 F.3d 1096 (11th Cir.2002),[4] which interpreted *Felker v. Turpin*, 101 F.3d 657 (11th Cir.1996). In *Felker*, we stated that "the established law of this circuit ... forecloses [the petitioner's] position that Rule 60(b) motions are not constrained by successive petition rules.... Rule 60(b) cannot be used to circumvent restraints on successive habeas petitions." *Felker*, 101 F.3d at 661. Failure to petition this court for permission to file a successive § 2255 motion leaves the district court without jurisdiction to rule on the successive § 2255 motion and the motion should be dismissed. Section 2253(c)(1)(B) states that an appeal may not be taken to a court of appeals from a final order in a proceeding under § 2255 unless a judge issues a COA. 28 U.S.C. § 2253(c); *see also Edwards v. United States*, 114 F.3d 1083, 1084 (11th Cir.1997) (stating that a district court judge first must rule on the issuance of a COA). Under these circumstances, a district court order denying the successive § 2255 motion is "a final order in a proceeding under section 2255" and therefore a COA is a necessary prerequisite to appealing the denial of the 60(b) motion. 28 U.S.C. § 2253(c)(1)(B).[5]

■ Construing Lazo's notice of appeal as a motion for a COA, we determine that

a COA is not warranted in this case. Fed. R.App. P. 22(b)(2); *Slack v. McDaniel*, 529 U.S. 473, 483, 120 S.Ct. 1595, 1603, 146 L.Ed.2d 542 (2000) (dealing with § 2254 motion and stating that the court of appeals should have treated the notice of appeal as an application for a COA); *see also Gay v. United States*, 816 F.2d 614, 616 n. 1 (11th Cir.1987) (stating that principles developed in § 2254 cases apply to cases involving § 2255 motions). A COA is authorized "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has added that

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack*, 529 U.S. at 484, 120 S.Ct. at 1604. When a plain procedural bar is present and the district court is correct to invoke it, then a reasonable jurist could conclude neither that the district court erred in dismissing the petition nor that the peti-

---

**4.** We note that the *Mobley* court chose to stay Mobley's execution pending the upcoming decision of the Supreme Court in *Abdur'Rahman v. Bell*, 535 U.S. 1016, 122 S.Ct. 1605, 152 L.Ed.2d 620 (2002). The Court granted certiorari in *Abdur' Rahman* to answer the question of whether every Rule 60(b) motion constitutes a prohibited second or successive habeas petition as a matter of law. *Id.* If the Court answers that question in the affirmative, this order will be in accordance with that decision. However, should the Supreme Court abrogate *Mobley*'s bright line rule, the ultimate resolution of this matter would not change.

**5.** Whether we conclude that Lazo's 60(b) motion is a successive § 2255 motion because *Mobley* dictates that all 60(b) motions filed by habeas petitioners are successive or whether we conclude that Lazo's 60(b) motion is a successive § 2255 motion because we examine the contents of the motion, the result is the same. Lazo's Rule 60(b) motion must be treated as a successive § 2255 motion. As such, he must move this court for and receive a COA before he will be permitted to appeal the district court's denial of his Rule 60(b) motion.

tioner should be allowed to proceed further. *Id.* In this case, the "plain procedural bar" to Lazo's motion was that he needed to petition this court for an order authorizing the district court to consider his successive § 2255 motion. 28 U.S.C. § 2244(b)(3)(A).

In conclusion, we find that Lazo's 60(b) motion should be treated as a successive § 2255 motion. Because Lazo's Rule 60(b) motion is treated as a successive § 2255 motion, the district court had no jurisdiction to consider the motion without an order from this court permitting it to do so. Lazo did not seek that order, thus the district court should have dismissed his motion. Because the district court's denial of his successive § 2255 motion is a "final order in a § 2255 proceeding," Lazo must obtain a COA before he will be permitted to appeal the order. 28 U.S.C. § 2253(c). Finally, because there is a plain procedural bar to his motion, Lazo is not entitled to a COA.

CERTIFICATE OF APPEALABILITY DENIED; APPEAL DISMISSED.