**Aurelio O. GONZALEZ, Petitioner–Appellant,**

v.

**SECRETARY FOR THE DEPARTMENT OF CORRECTIONS, Michael W. Moore, Secretary, Respondent–Appellee.**

No. 02–12054
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Jan. 10, 2003.

Aurelio O. Gonzalez, Arcadia, FL, pro se.

Paulette R. Taylor, Miami, FL, for Respondent–Appellee.

Before DUBINA, CARNES and MARCUS, Circuit Judges.

CARNES, Circuit Judge:

■ Aurelio Gonzalez, a Florida prisoner serving a ninety-nine year sentence for robbery with a firearm, appeals from the district court's denial of his Fed.R.Civ.P. 60(b) motion, which asked the district court to reconsider its dismissal of his habeas corpus petition filed pursuant to 28 U.S.C. § 2254. Because Gonzalez filed his habeas petition and his Rule 60(b) motion after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214 (1996), the provisions of that act govern this case.

## I.

Gonzalez was convicted and sentenced in the state courts of Florida in 1992. He did not file a direct appeal. In November of 1996, Gonzalez filed a Fla. R.Crim. P. 3.850 motion in state court collaterally attacking his conviction. The grounds he asserted were newly discovered evidence showing that his guilty plea was unintelligent, unknowing, and involuntary. The state trial court denied relief on December 10, 1996, and Gonzalez appealed that denial to the Florida Court of Appeals, which affirmed it. The state appellate court denied rehearing on May 8, 1997.

Gonzalez then filed a § 2254 petition attacking his state court conviction. He signed and mailed that petition on June 17, 1997. It contained the same claim Gonzalez had asserted in his Rule 3.850 proceeding in state court. On September 9, 1998, the district court dismissed Gonzalez's § 2254 petition as time-barred because it had not been filed within the one-year statute of limitations set out in 28 U.S.C. § 2244(d)(1). The district court initially granted Gonzalez a certificate of appealability (COA) but failed to specify any ground for it, which is required by § 2253(c)(3). After we remanded for clarification the district court denied Gonzalez

a COA, and then so did we. Our denial came on April 6, 2000.

In July of 2001, Gonzalez filed a Rule 60(b) motion asking the district court to reconsider its September 9, 1998 order denying him habeas relief on statute of limitations grounds in light of the intervening Supreme Court decision in *Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000), which interpreted the "properly filed" clause of the tolling provision contained in § 2244(d)(2). The district court denied that motion on March 5, 2002. Gonzalez then filed a notice of appeal from that denial, and the district court declined to issue a COA for the appeal.

■ A judge of this Court did issue Gonzalez a COA to permit this appeal, but the COA describes an issue that is not directly related to the district court order Gonzalez is seeking to appeal, which is the order of March 5, 2002 denying his Rule 60(b) motion. Instead, the COA that was issued is on the question of whether the district court's September 9, 1998 order which ruled Gonzalez's § 2254 petition was barred by the statute of limitations was error. That could have been a proper issue for a COA to permit an appeal from the denial of habeas relief in 1998, but the issue in this appeal is the different one of whether the district court abused its discretion in March of 2002 when it entered the order refusing to set aside its September 1998 denial order in light of the Supreme Court's intervening *Artuz* decision. A new COA will have to be issued or the appeal dismissed if a COA is required for an appeal from the denial of a Rule 60(b) motion in a habeas proceeding. We now turn to that question.

## II.

In our recent decision in *Lazo v. United States*, 314 F.3d 571, No. 02–12483, 2002 WL 31809847 (11th Cir. Dec. 16, 2002), we

held that the 28 U.S.C. § 2253(c)(1) requirement of a COA applies to an appeal from the denial of a Rule 60(b) motion if that motion is in reality an attack on the underlying conviction and sentence instead of a challenge to the previous federal court order denying relief from that conviction and sentence. In other words, if the motion is in reality a successive application or motion for relief parading as a Rule 60(b) motion, an appeal from the denial of it cannot proceed without a COA. So holds *Lazo,* an appeal in which the Rule 60(b) motion sought to raise a claim that had not been raised in the § 2255 motion itself. *See id.* at 573.

The threshold question in this case is different, because this is an appeal from the denial of a "true" Rule 60(b) motion— one which attacks the prior federal court habeas order denying relief from the state court judgment of conviction and sentence, instead of attacking the underlying conviction and sentence judgment itself as the motion in *Lazo* did. This case, unlike *Lazo,* does not involve an attempt to raise a new claim. The stated ground for the motion in this case is that an intervening Supreme Court decision supposedly establishes that the denial of habeas relief to Gonzalez on statute of limitations grounds four years ago was based upon a misapprehension of law. We held in the pre-AEDPA era that an intervening Supreme Court decision can in some circumstances be a valid basis for granting Rule 60(b) relief from the denial of habeas relief. *See Ritter v. Smith,* 811 F.2d 1398, 1401 (11th Cir.1987). At least one panel of this Court has arguably concluded to the contrary in a post-AEDPA case, saying that every

Rule 60(b) motion related to the denial of relief in a § 2254 proceeding must be treated as a second or successive habeas petition and denied pursuant to § 2244(b)(1), at least if the motion relates to a claim raised in the earlier § 2254 petition, as the Rule 60(b) motion in that case did. *Mobley v. Head,* 306 F.3d 1096, 1096 (11th Cir.2002).

Before we get to that issue, however, we need to resolve the threshold question of whether a COA is required before an appeal from the denial of a true Rule 60(b) motion can proceed. Five of the six circuits that have addressed that issue in published opinions have concluded that a COA is required either for the appeal from the denial of all habeas-related Rule 60(b) motions, or at least for the appeal from the denial of true Rule 60(b) motions. *See Kellogg v. Strack,* 269 F.3d 100, 103 (2d Cir.2001), *cert. denied,* 535 U.S. 932, 122 S.Ct. 1306, 152 L.Ed.2d 216 (2002); *Rutledge v. United States,* 230 F.3d 1041, 1046–47 (7th Cir.2000), *cert. denied,* 531 U.S. 1199, 121 S.Ct. 1207, 149 L.Ed.2d 120 (2001); *Morris v. Horn,* 187 F.3d 333, 336 (3d Cir.1999); *Langford v. Day,* 134 F.3d 1381, 1382 (9th Cir.1998); *Zeitvogel v. Bowersox,* 103 F.3d 56, 57 (8th Cir.1996). *But see Dunn v. Cockrell,* 302 F.3d 491 (5th Cir.2002).[1] The best explanation of the reasoning behind the majority position (most of the cited opinions contain no explicit reasoning on this point) is set out in the Second Circuit's *Kellogg* opinion. Section 2253(c)(1) requires a COA before an appeal may be taken from "the final order in a habeas corpus proceeding." *Kellogg,* 269 F.3d at 102. As the Second Circuit explained:

---

1. The decisions we have cited make no distinction insofar as the COA issue is involved between a state prisoner's attempt to use Rule 60(b) to re-open the denial of a § 2254 petition and a federal prisoner's attempt to use it to re-open the denial of a § 2255 motion. Neither do we. Materially identical statutory language describes the COA requirement as it applies to proceedings under § 2254 and § 2255. *Compare* § 2253(c)(1)(A)(applicable to § 2254 proceedings) *with* § 2253(c)(1)(B)(applicable to § 2255 proceedings).

To begin with, the plain text of § 2253(c)(1) would seem to make the COA requirement applicable here. There is no question that the denial of a Rule 60(b) motion in non-habeas cases is a "final order" for purposes of appeal, *see Stone v. INS*, 514 U.S. 386, 401, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995), and absent indications to the contrary, we would expect Congress to have intended the same meaning when using the term "final order" in crafting AEDPA, *see, e.g., Strom v. Goldman Sachs & Co.*, 202 F.3d 138, 147 (2d Cir.1999). Not only is there no such contrary indication, but it would be rather anomalous for Congress to have intended to screen out unmeritorious appeals from denials of habeas corpus petitions and yet not have wished to apply this same screen to 60(b) motions seeking to revisit those denials.

*Id.* at 103. We agree, and align ourselves with the five circuits that have so concluded. An appeal may not be taken from any order denying Rule 60(b) relief from the denial of a § 2254 petition unless a COA is issued. Our conclusion effectively extends *Lazo*'s holding to appeals involving the denial of true Rule 60(b) motions.

### III.

The district court's March 5, 2002 order denying the Rule 60(b) motion in this case stated: "Petitioner already has taken an appeal to the Eleventh Circuit. Accordingly, this Court no longer has jurisdiction over his claims." As we have explained, the COA that a judge of this Court issued does not cover that order denying Rule 60(b) relief, which is the order Gonzalez is attempting to appeal, but that COA is instead aimed at the 1998 order denying his § 2254 petition, the appeal of which ended more than two years ago. Accord-

ingly, we quash that COA and proceed to consider whether we should grant a new one in order to permit Gonzalez to appeal the denial of his Rule 60(b) motion.

The Supreme Court has held that when a district court denies a habeas petition on procedural grounds without reaching the merits of the underlying constitutional claims, the requirements for issuance of a COA include a showing "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). From that holding we conclude that a COA should not issue in the appeal from the denial of a Rule 60(b) motion in a habeas case unless the petitioner shows, at a minimum, that it is debatable among jurists of reason whether the district court abused its discretion, *see Mobley*, 306 F.3d at 1097 ("This Court reviews a denial of a 60(b) motion for an abuse of discretion."); *Kellogg*, 269 F.3d at 104, by denying the motion.[2] For two independently adequate reasons, we do not find it debatable among jurists of reason whether the denial of Gonzalez's Rule 60(b) motion was an abuse of discretion. First, that motion is barred by the *Mobley* decision's conclusion that under post-AEDPA law all Rule 60(b) motions in habeas cases are to be treated as second or successive petitions.

Second, even if pre-AEDPA law applied, it would still be clear that Gonzalez's Rule 60(b) motion was due to be denied. The *Ritter* decision concluded that a change in the law standing alone was not a proper basis for Rule 60(b) relief absent extraordinary circumstances. 811 F.2d at 1401 (explaining that "[o]ur investigation [of the law], leads us to conclude that something more than a 'mere' change in the law is

---

**2.** Because Gonzalez has not made even that showing, we need not address the showing, if any, he would have to make regarding the

merits of his underlying claims. *See Kellogg*, 269 F.3d at 104.

necessary to provide the grounds for Rule 60(b)(6) relief," and finding in that case "that the circumstances are sufficiently extraordinary to warrant relief under Rule 60(b)(6)"). When added to a clear-cut change in the applicable law, the extraordinary circumstances which did justify the grant of Rule 60(b) relief in *Ritter* case were that: (1) the erroneous judgment had not been executed; (2) there was only minimal delay between the entry of the judgment the motion sought to set aside and the filing of the motion; and (3) there was a close connection between the case and the case that gave rise to the intervening decision upon which the motion was based. 811 F.2d at 1401–03.

With respect to the first extraordinary circumstance, in *Ritter* the Rule 60(b) motion was aimed at the judgment granting § 2254 relief, which had not been carried out in any way. *Id.* at 1401 (describing this as "[a] significant factor"). In this case, by contrast, the district court's September 9, 1998 order denying relief had been at least partially executed by the time Gonzalez filed the Rule 60(b) motion aimed at it in July of 2001, because it was a judgment that relief was due to be denied and relief had been denied during the nearly three-year interval while Gonzalez continued to serve his state court sentence.

The second extraordinary circumstance in *Ritter* was that there was "only a very brief delay after the time that the judgment became final" before the Rule 60(b) motion challenging that still unexecuted judgment was filed. *Id.* at 1402. On December 3, 1984, the district court in that case had entered judgment issuing a writ of habeas corpus unless the petitioner was given a new sentence hearing within 180 days. *Id.* at 1400. A week later the Supreme Court granted certiorari in a related case raising the same issue upon which the judgment had been entered in the *Ritter* case. On that basis the State

moved for an extension of time for resentencing the petitioner, which the district court granted. In the related case the Supreme Court issued its decision on June 17, 1985, and its mandate on July 18, 1985. The State filed its Rule 60(b) motion less than three weeks later, on August 5, 1985. *Id.* In the present case, by contrast, the Rule 60(b) motion was filed eight months after the Supreme Court decision upon which it is based had been decided, *see Artuz*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000), and almost three years after the judgment the motion sought to change had been entered. The difference is significant, because "[t]he longer the delay the more intrusive is the effort to upset the finality of the judgment." *Ritter*, 811 F.2d at 1402.

The third extraordinary factor upon which this Court relied in *Ritter* was the unusually close relationship between that case itself, the one in which the Rule 60(b) motion had been filed, and the case in which the Supreme Court issued the supervening decision. *Id.* at 1402–03. The supervening decision had come in a case where the Supreme Court had granted review for the express purpose of resolving a conflict between the state supreme court's decision in that case, and our previous decision in the *Ritter* case. *Id.* at 1402. That rare situation is not present here.

The three "truly extraordinary circumstances necessary to re-open a case" involving a judgment issued in a habeas proceeding, *id.* at 1401, are not present in this case. Absent them—even without any consideration of the *Mobley* decision and how AEDPA has tightened up the law to promote greater finality of habeas judgments—the district court did not abuse its discretion by refusing to grant Rule 60(b) relief from its September 9, 1998 judgment denying the habeas petition on statute of limitations grounds. We are confident

enough of that conclusion to decide that the matter is not debatable among jurists of reason. No COA should be granted.[3]

## IV.

The certificate of appealability previously granted in this case is QUASHED AS IMPROVIDENTLY GRANTED, and the appeal is DISMISSED.

---

3. We do not reach, and we imply no view about, the question of whether the *Artuz* decision would have changed the result on the statute of limitations issue in this case had that decision been available at the time Gonzalez's habeas petition was being considered. We have only assumed for purposes of deciding the issues we have addressed in this opinion that it would have mattered.