[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 4, 2003
THOMAS K. KAHN
CLERK

No. 03-15614

D. C. Docket No. 97-00828-CV-1-JOF

JAMES WILLIE BROWN,

Petitioner-Appellant,

versus

FRED HEAD, Warden,
Georgia Diagnostic Prison,

Respondent-Appellee.

_____

Appeal from the United States District Court for the
Northern District of Georgia
_____

(November 4, 2003)

Before CARNES, BARKETT and HULL, Circuit Judges.

PER CURIAM:

James Willie Brown is a Georgia death row inmate who is facing execution tonight for a rape and murder he committed twenty-eight years ago. After his original conviction and sentence, obtained in 1981, were set aside in a federal

habeas corpus proceeding in 1988, Brown was retried, re-convicted and re-sentenced to death in 1990. Following exhaustion of his state court remedies, Brown filed a federal habeas corpus petition in 1997 seeking relief from his conviction and sentence in the retrial. The district court denied that relief in 2000, and we affirmed that denial the next year. Brown v. Head, 272 F.3d 1308 (11th Cir. 2001), extended 285 F.3d 1325 (11th Cir. 2002)(on rehearing), cert. denied, 537 U.S. 978, 123 S.Ct. 476 (2002).

One of the witnesses against Brown at the sentencing stage of his retrial was Anita Tucker. Her testimony and role as a witness is discussed in our prior opinion in connection with the ineffective assistance of counsel, Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194 (1963), and Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763 (1972), claims relating to her testimony that Brown raised in his federal habeas petition. See Brown, 272 F.3d at 1312 - 18. Tucker's testimony did not relate to Brown's guilt or innocence, but instead involved whether before Brown's first trial he had discussions with her about faking mental illness. The present proceeding arose out of Tucker's recantation of her testimony, a recantation that occurred after we affirmed the denial of federal habeas relief in 2001. Brown presented Tucker's recantation to the state courts in a collateral

2

proceeding he filed there on November 18, 2002, the day before he was previously scheduled to be executed.

Brown's execution was stayed, and the state trial court conducted an evidentiary hearing on the claim he presented, which was that Tucker had lied during her testimony against Brown at the sentence stage of the retrial and that one or more prosecuting attorneys knew she was lying. (The claim included an assertion that Tucker's testimony to the same effect at the initial trial had been a lie, as well, but any issues relating to the conviction and sentence at the first trial were mooted by the retrial.) At the evidentiary hearing, which was conducted on February 4, 2003, the state court received a large number of documents into evidence and heard the testimony of three witnesses, including Tucker and also David Porter, who was the prosecutor at the retrial.

Following the evidentiary hearing, the state trial court on June 2, 2003 entered an order denying Brown relief. In doing so, the court made credibility determinations about Tucker's recantation of her trial and retrial testimony. The court found as a fact that Brown had failed to carry his burden of proving that Tucker's testimony was false, and alternatively found that there was no evidence that any prosecutor for the State of Georgia knew that her testimony was false.

3

On September 22, 2003, the Georgia Supreme Court declined to review the denial of relief.

On November 3, 2003, Brown filed in the United States District Court for the Northern District of Georgia a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). The motion sought to have the 2000 judgment denying federal habeas corpus relief from the death sentence obtained at the retrial reopened on the grounds of fraud. As in the recent state court proceeding, the claim underlying Brown's motion is that Anita Tucker lied at the 1990 retrial when she testified against him during the sentence stage of that proceeding, and that one or more state prosecutors knew at that time she was lying. Brown argues that constituted a fraud against the federal district court leading to its denial in 2000 of the claims contained in his 1997 petition for federal habeas corpus relief from his sentence. It was a fraud on the district court, Brown argues, because one or more officials of the State of Georgia knew that Tucker had lied and kept that fact concealed from the district court even though it was highly relevant to the ineffective assistance, Brady, and Giglio claims that Brown had put before the district court in his habeas petition.

4

The federal district court, earlier today, denied Brown relief and denied his motion for a certificate of appealability. Brown is now before us seeking a stay of execution and a certificate of appealability.

Presently submitted and pending decision by this Court en banc are three cases which raise issues involving the scope of Rule 60(b) relief from a denial of federal habeas corpus petition, and whether a certificate of appealability is necessary to review the denial of Rule 60(b) relief in such circumstances. Gonzalez v. Sec'y for Dep't. of Corr., 326 F.3d 1175, 1176 (11th Cir. 2003) (setting Mobley v. Head, 306 F.3d 1096 (11th Cir. 2002), Lazo v. United States, 314 F.3d 571 (11th Cir. 2002), and Gonzalez v. Sec'y for the Dep't. of Corr., 317 F.3d 1308 (11th Cir. 2003) for hearing en banc). A decision in those three cases is not necessary to disposition of the matters before us in this case.

If a certificate of appealability is required for this appeal to proceed, Brown has not made the requisite showing for issuance of one. See 28 U.S.C. § 2253 (c)(2); Miller-El v. Cockrell, 537 U.S. 322, 123 S.Ct. 1029 (2003). Even if a COA is not required for the appeal to proceed, in order to convince us to grant a stay of execution in the absence of one Brown would have to make essentially the same showing required for issuance of a COA. See Barefoot v. Estelle, 463 U.S. 880, 103 S.Ct. 3383 (1983). He has not made the necessary showing for a stay.

He has neither made a substantial showing of the denial of a constitutional right, nor has he shown that fraud tainted the denial of federal habeas relief. In short, the papers and record in this case do not "reflect the presence of substantial grounds upon which relief might be granted." Id. at 895; 103 S.Ct. 3396.

He has not made the necessary showing, because even if we make all legal assumptions in favor of Brown in this matter, relief is still due to be denied. We will assume for present purposes that a Rule 60(b) motion for relief from a judgment denying a petition for writ of habeas corpus that is based upon fraud on the federal habeas court is not barred by the second or successive application rules contained in 28 U.S.C. § 2244(b). We will also assume for present purposes that fraud upon a state trial court may be treated as tantamount to fraud upon the federal court where, as here, some claim affected by or touching upon that fraud was presented to the federal court in the habeas petition that was denied. Finally, we will assume that the time limitation of one-year set out in the rule for bringing a motion based upon fraud on the court does not apply – either because of a residual clause exception, or for some other reason. In other words, we will assume for present purposes that the legal premises of Brown's position are sound in all respects. Still, it falls for lack of factual support.

The state collateral proceeding court held a full evidentiary hearing at which Brown was allowed to introduce all of the documentary evidence and testimony he wished to present in support of his contention that the State of Georgia knowingly used false testimony against him at the penalty stage of his 1990 retrial. After considering all of that evidence, including the live testimony of three important witnesses, the state court judge found as a fact that Anita Tucker had not testified falsely at the retrial, and that even if she did no state officer or official knew that her testimony was false.

As the district court explained in its order denying the Rule 60(b) motion, under the specific circumstances in this case, if a Rule 60(b) motion is granted and the habeas proceeding re-opened, the § 2254(e)(1) presumption of correctness surely applies in determining whether to grant habeas relief since the very same issue was factually resolved in the state habeas court. It would make no sense to ignore that presumption for purposes of this Rule 60(b) determination to re-open the federal habeas proceeding only to deny habeas relief again because the presumption applies to the determination whether to grant federal habeas relief. Moreover, the plain language of § 2254(e)(1) makes it applicable to "a determination of a factual issue made by a state court," and the state court's findings in this case are that.

7

The district court gave Brown an opportunity to rebut by clear and convincing evidence the state collateral court's factfindings, but Brown was unable to do so. Accordingly, irrespective of how all of the legal issues underlying his Rule 60(b) motion should be decided, and whether they present substantial questions, the motion was clearly due to be denied, and Brown is not entitled to a certificate of appealability or to a stay of execution in order to pursue an appeal from the denial of the motion.

Brown's motion for a stay of execution pending appeal is DENIED. His motion for a certificate of appealability is DENIED.