**Paul KELLOGG, Petitioner–Appellant,**

v.

**Wayne STRACK, Respondent–Appellee.**

**No. 00–2325.**

United States Court of Appeals,
Second Circuit.

Submitted: Nov. 8, 2000.

Decided: Oct. 9, 2001.

---

Paul Kellogg, pro se, New York, NY, for petitioner-appellant.

Patrick J. Walsh, New York, NY, for respondent-appellee.

Before STRAUB, SOTOMAYOR, Circuit Judges, SPATT, District Judge.*

* The Honorable Arthur D. Spatt, United States District Judge for the Eastern District of New York, sitting by designation.

PER CURIAM:

Paul Kellogg, *pro se,* moves for a certificate of probable cause ("CPC"), which we construe as a motion for a certificate of appealability ("COA"), permitting him to appeal an order entered by the United States District Court for the Southern District of New York, (Denise Cote, *Judge*). The order denied Kellogg's Fed.R.Civ.P. 60(b) motion for relief from the District Court's prior judgment denying his 28 U.S.C. § 2254 petition. This opinion considers whether a COA is required to appeal a district court's denial of a Rule 60(b) motion for relief from judgment when the underlying judgment is a denial of a § 2254 petition. We conclude that a COA is required and decline to issue a COA for Kellogg's appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

In March of 1996, prior to the passage of the Anti–Terrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (1996), Kellogg filed a 28 U.S.C. § 2254 petition for habeas corpus relief, challenging a New York State conviction for assault and criminal possession of a weapon. The District Court referred the petition to a magistrate judge, who filed a report and recommendation that the petition be denied. The District Court adopted the recommendation and entered a judgment denying the petition in October 1997 ("1997 judgment"). Kellogg appealed the judgment six months later, and we dismissed the appeal as untimely:

In January 2000, twenty-six months after the entry of the 1997 judgment denying the petition, Kellogg moved pursuant

to Fed.R.Civ.P. 60(b) for relief from the judgment.[1] The District Court denied the motion on the grounds that Kellogg had not filed the motion within a reasonable time and had not shown good cause which would excuse the delay in filing. In the order denying the motion, the District Court declined to issue a COA. Kellogg now moves this Court for a certificate of probable cause ("CPC") to permit him to appeal the District Court's denial of his Rule 60(b) motion.

## DISCUSSION

■ We construe Kellogg's motion for a CPC as a motion for a COA. The Supreme Court has recently held that the provisions of AEDPA governing the issuance of a COA apply to all appeals filed subsequent to the passage of AEDPA, regardless of whether the underlying petition was filed before the passage of the Act. *See Slack v. McDaniel,* 529 U.S. 473, 481–82, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Accordingly, the pre-AEDPA CPC requirement is an anachronism and inapplicable to Kellogg's appeal.

Generally, a petitioner's right to appeal an order denying habeas relief is governed by 28 U.S.C. § 2253(c), which provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from (A) the final order in a habeas corpus proceeding...." 28 U.S.C. § 2253(c)(1). The question presented by Kellogg's motion is whether a district court's denial of a Fed.R.Civ.P. 60(b) motion for relief from a judgment denying a § 2254 petition is governed by this provision, thereby requiring that a COA be issued before the appeal may go forward.[2]

---

1. Kellogg moved the District Court for "leave to file the within notice for reconsideration" of the judgment, which the District Court

construed as a Rule 60(b) motion for relief from a final judgment.

2. This Court has recently settled the question of whether a Rule 60(b) motion for relief from

To begin with, the plain text of § 2253(c)(1) would seem to make the COA requirement applicable here. There is no question that the denial of a Rule 60(b) motion in non-habeas cases is a "final order" for purposes of appeal, *see Stone v. INS*, 514 U.S. 386, 401, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995), and absent indications to the contrary, we would expect Congress to have intended the same meaning when using the term "final order" in crafting AEDPA, *see, e.g., Strom v. Goldman, Sachs & Co.*, 202 F.3d 138, 147 (2d Cir. 1999). Not only is there no such contrary indication, but it would be rather anomalous for Congress to have intended to screen out unmeritorious appeals from denials of habeas corpus petitions and yet not have wished to apply this same screen to 60(b) motions seeking to revisit those denials.

■ This Court has previously taken an expansive view towards the applicability of the CPC/COA requirement to orders other than an order denying a habeas petition. *See Grune v. Coughlin*, 913 F.2d 41, 44 (2d Cir.1990) (holding that a CPC is required when a petitioner appeals the denial of a bail application pending the outcome of a habeas proceeding). We reasoned in *Grune* that "[t]he interest served by the certificate of probable cause requirement—relieving the state and the court system of the burdens resulting from the litigation of insubstantial appeals—is equally served whether the order appealed is a final disposition of the merits or a collateral order." *Id.* at 44. This reasoning is equally applicable to appeals arising from orders denying post-judgment relief. Accordingly, in at least one prior case we assumed without discussion that a COA was required to appeal a 60(b) motion requesting reconsideration of a denied § 2255 petition.[3] *See Mickens v. United States*, 148 F.3d 145, 146 (2d Cir.1998).[4] Moreover, all of our sister Circuits to have considered this issue in either the § 2254 or § 2255 context have concluded that a COA is required before the denial of 60(b) motion may be appealed. *See, e.g., Morris v. Horn*, 187 F.3d 333, 339 (3d Cir.1999); *Langford v. Day*, 134 F.3d 1381, 1382 (9th Cir.1998); *Rutledge v. United States*, 230 F.3d 1041, 1047 (7th Cir.2000), *cert. denied*, 531 U.S. 1199, 121 S.Ct. 1207, 149 L.Ed.2d 120 (2001) (assuming without discussion that a COA is necessary to appeal the denial of a Rule 60(b) motion in a habeas case); *Zeitvogel v. Bowersox*, 103 F.3d 56, 57 (8th Cir.), *cert. denied*, 519 U.S. 1036, 117 S.Ct. 604, 136 L.Ed.2d 530 (1996) (same).

■ We thus expressly hold that the COA requirement provided in 28 U.S.C. § 2253(c) applies to an order denying a Rule 60(b) motion for relief from a judgment denying a § 2254 petition. Kellogg is therefore required to obtain a COA to go forward with his appeal. We now address the merits of his motion for a COA.

the denial of a § 2254 petition should be treated as a second or successive habeas petition. *See Rodriguez v. Mitchell*, 252 F.3d 191, 198–200 (2d Cir.2001) (holding that such a motion should not be treated as a second or successive petition).

3. As we explained in *Fama v. Commissioner of Correctional Services*, 235 F.3d 804, 815–16 (2d Cir.2000), "[s]ections 2254 and 2255 are generally seen as *in pari materia*" and therefore "the reasoning of [cases] in the context of § 2255 petitions applies equally to § 2254 petitions."

4. While *Rodriguez* initially appeared to suggest that a COA was not ordinarily required to appeal the denial of a Rule 60(b) motion; *see* 252 F.3d at 200 n. 3, on September 7, 2001 the opinion was amended, eliminating any such implication. *See* Order, *Rodriguez v. Mitchell*, 252 F.3d 191 (2d Cir.2001).

In order to obtain a COA, the petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is designed to permit an appeal to go forward only if the appeal has a threshold quantum of merit. In the context of a denial of a Rule 60(b) motion, a substantial showing that the district court abused its discretion indicates that the appeal has the threshold quantum of merit to go forward. *See Transaero, Inc. v. La Fuerza Aerea Boliviana,* 162 F.3d 724, 729 (2d Cir.1998), *cert. denied,* 526 U.S. 1146, 119 S.Ct. 2022, 143 L.Ed.2d 1033 (1999) (holding that the standard of review of a district court order granting or denying a Rule 60(b) motion is whether the order constituted an abuse of discretion). Accordingly, we hold, following the Supreme Court's formulation in *Slack,* 529 U.S. at 484, 120 S.Ct. 1595, that a COA should issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right. *See also Lynch v. Blodgett,* 999 F.2d 401, 403 (9th Cir.1993) (holding that a CPC should issue only if petitioner makes a substantial showing that the district court has abused its discretion by denying the Rule 60(b) motion); *Lindsey v. Thigpen,* 875 F.2d 1509, 1512 (11th Cir.1989) (same).

Kellogg has failed to demonstrate that a reasoned jurist would find debatable whether the District Court abused its discretion. A Rule 60(b) motion must be made within one year or within a "reasonable time." Fed.R.Civ.P. 60(b). Kellogg's motion was made twenty-six months after the entry of the final judgment, a period of time which constitutes a patently unreasonable delay absent mitigating circumstances. *See, e.g., Truskoski v. ESPN, Inc.,* 60 F.3d 74, 77 (2d Cir.1995) (Rule 60(b) motion made eighteen months after judgment was not made within a reasonable time). Kellogg's bare assertions that the conditions of his confinement prevented him from filing his motion earlier are insufficient to excuse the delay. *See Jones v. Phipps,* 39 F.3d 158, 163–64 (7th Cir. 1994) (enduring ordinary hardships of incarceration does not excuse failure to respond within a reasonable time).

As Kellogg has failed to make a showing that the District Court abused its discretion by declining to grant relief from its prior judgment denying his § 2254 petition, a COA shall not issue. Accordingly, Kellogg's motion for a COA is denied and the appeal is dismissed.