Ronald JACKSON, Petitioner–
Appellant,

v.

ALBANY APPEAL BUREAU UNIT,
Defendant–Appellee,

Attorney General, Respondent–Appellee.

Docket No. 05–2766–pr.

United States Court of Appeals,
Second Circuit.

Submitted: Nov. 23, 2005.

Decided: Feb. 8, 2006.

Ronald Jackson, pro se, Attica, NY, for Appellant.

Before: WALKER, Chief Judge, WINTER and JACOBS, Circuit Judges.

DENNIS JACOBS, Circuit Judge.

Ronald Jackson moves *pro se* for a certificate of appealability ("COA") in his appeal from the denial by the United States District Court for the Southern District of New York (Mukasey, *C.J.*) of his 28 U.S.C. § 2254 petition and of his Fed R. Civ. P. 59(e) motion to alter or amend the prior judgment denying his § 2254 petition. Under 28 U.S.C. § 2253(c)(1), a COA must be issued before an appeal of the denial of a § 2254 petition may go forward. In *Kellogg v. Strack*, we held that the COA requirement of § 2253(c)(1) likewise applies to an appeal from the denial of a Fed R. Civ. P. 60(b) motion seeking relief from a judgment denying a habeas petition. 269 F.3d 100, 103 (2d Cir.2001). On this appeal, we conclude that the rule is the same when the appeal is from the denial of a Rule 59(e) motion seeking relief from such a judgment. Since the circumstances do not justify issuance of a COA in this case, the appeal is dismissed.

**I**

On January 14, 2004, Jackson filed an amended 28 U.S.C. § 2254 petition challenging his 1995 New York state conviction for burglary and attempted assault. By order filed on February 7, 2005, and entered on February 14, 2005, the district court dismissed Jackson's petition as unintelligible, citing Rule 2(c) of the Rules Governing Section 2254 Cases. On February 28, 2005, Jackson filed a "motion to reargue rehear for release order." The district court scrupulously classified the motion as one for reconsideration pursuant to Rule 59(e), and found that it was timely filed within ten days (net of weekends) of the entry of judgment.[1] The district court denied the motion by an order entered March 28, 2005, and declined to issue a COA. On the same day that the district court entered the order denying the motion for reconsideration, Jackson filed a notice of appeal from the district court's February 7, 2005, judgment dismissing his amended § 2254 petition.

Jackson moved in this Court for COAs on both the denial of his Rule 59(e) motion and the denial of his § 2254 petition (and for status *in forma pauperis* ).

**II**

As to Jackson's motion for a COA from the denial of his § 2254 petition, "[a COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Miller–El v. Cockrell,* 537 U.S. 322, 335, 123 S.Ct. 1029, 154 L.Ed.2d

---

1. For the purpose of determining the timeliness of the filing of a post-judgment motion, a judgment is "entered" when it is both "entered in the civil docket under [Fed.R.Civ.P.] 79(a)" and "set forth on a separate document." Fed.R.Civ.P. 58(b)(2). Here, the separate judgment was entered on February 9, 2005, and the order of dismissal was entered on February 14, 2005. Because Jackson's motion for rehearing was filed within 10 days, *see* Fed.R.Civ.P. 6, of the entry of the order of dismissal, the district court properly construed Jackson's motion as a timely Rule 59(e) motion for reconsideration.

931 (2003). "We review *de novo* the denial of a petition for a writ of habeas corpus brought under … § 2254." *Chalmers v. Mitchell,* 73 F.3d 1262, 1266 (2d Cir.1996). The amended petition—filed after the district court explained to Jackson the defects in his original petition—was found to be unintelligible, a finding confirmed by our examination of the text. Jackson's amended petition was therefore properly dismissed pursuant to Rule 2(c) of the Rules Governing Section 2254 Cases.

Does Jackson require a COA, pursuant to § 2253(c)(1), in order to appeal from the denial of his Rule 59(e) motion to alter or amend the judgment dismissing his § 2254 petition? In *Kellogg v. Strack,* we held that the COA requirement of § 2253(c)(1) applies to an appeal from the denial of a Rule 60(b) motion seeking relief from a judgment denying a habeas petition.[2] 269 F.3d 100, 103 (2d Cir.2001). The *Kellogg* court reasoned that the evident Congressional intent of § 2253(c)(1) is to weed out unmeritorious appeals taken from denials of habeas petitions; that "it would be rather anomalous for Congress" to have intended that appeals be allowed from the denial of Rule 60(b) motions without the same scrutiny; and that the interest served by the COA requirement—relieving the state and the court system of the burdens resulting from the litigation of insubstantial appeals—is served by the application of that requirement to appeals from orders denying post-judgment relief. *Id.*

These rationales apply with equal force to Rule 59(e) motions. We therefore conclude that the § 2253(c)(1) COA requirement applies to an appeal from an order denying a Rule 59(e) motion when the underlying judgment is a denial of a § 2254 petition.

## III

We will issue a COA only if the petitioner shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule [59(e)] motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the [Rule 59(e)] motion, states a valid claim of the denial of a constitutional right.

*See id.* at 104 (setting standard for COAs in Rule 60(b) cases); *see also Munafo v. Metro. Transp. Auth.,* 381 F.3d 99, 105 (2d Cir.2004). Jackson's motion, like his petition, remains incomprehensible even after a fair effort to discover what is on his mind. Further, the COA motion fails even to mention the dismissal of Jackson's § 2254 petition. Because Jackson has failed to make a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2), we decline to issue a COA for both the appeal from the judgment denying the § 2254 petition and the order denying the Rule 59(e) motion, and we dismiss the appeals.

---

**2.** Since § 2254 and 28 U.S.C. § 2255 "are generally seen as *in pari materia,*" the reasoning of cases in the context of § 2254 petitions applies equally to § 2255 petitions. *Kellogg v.* *Strack,* 269 F.3d 100, 103 n. 3 (2d Cir.2001) (quoting *Fama v. Comm'r of Correctional Servs.,* 235 F.3d 804, 815–16 (2d Cir.2000)).