11-831-cv
Lee v. Marvel Enterprises, Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of March, two thousand twelve.

PRESENT:
>        DENNIS JACOBS,
>             <u>Chief Judge</u>,
>        DENNY CHIN,
>        SUSAN L. CARNEY,
>             <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X

Stan Lee,
>        <u>Plaintiff-Appellee</u>,

        -v.-                                    11-831-cv

Marvel Enterprises, Inc.,
>        <u>Defendant-Appellee</u>,

        and

Marvel Characters, Inc.
>        <u>Defendant</u>,

        -v.-

Stan Lee Media, Inc.,
>        <u>Movant-Appellant</u>.[*]
- - - - - - - - - - - - - - - - - - - - -X

---

[*] The Clerk of Court is directed to amend the official caption as shown above.

1

**FOR PLAINTIFF-APPELLEE:** Steven J. Shore (Ira Brad Matetsky, William A. Jaskola, <u>on the brief</u>), Ganfer & Shore, LLP, New York, NY.

**FOR DEFENDANT-APPELLEE:** David Fleischer, Haynes and Boone, LLP, New York, NY.

**FOR MOVANT-APPELLANT:** Raymond J. Dowd (Luke A. McGrath, <u>on the brief</u>), Dunnington Bartholow & Miller, LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sweet, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Movant-Appellant Stan Lee Media, Inc. ("SLMI") appeals the denial of its motion to vacate the judgment, intervene as a real party in interest, and unseal certain documents. We assume the parties' familiarity with the underlying factual allegations, the procedural history of the case, and the issues on appeal.

**[1]** SLMI moves to vacate the judgment in the suit between Lee and Marvel Enterprises, Inc., and Marvel Characters,

2

Inc., under Federal Rule of Civil Procedure 60(b)(4) ("the judgment is void"), 60(b)(5) ("applying [the judgment] prospectively is no longer equitable"), and 60(b)(6) ("any other reason that justifies relief").  The timeliness of such a motion is governed by Rule 60(c)(1), which requires that it "be made within a reasonable time."  SLMI did not seek to vacate this judgment until more than five years after final judgment.  Much shorter periods of time have been held unreasonable.  See, e.g., Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001) (per curiam) (twenty-six months); Rodriquez v. Mitchell, 252 F.3d 191, 201 (2d Cir. 2001) (three-and-a-half years).  That SLMI's management was in an extended period of disarray does not excuse its more than five-year delay in filing its Rule 60(b) motion.

**[2]**  SLMI also argues that the judgment should be "set aside" as a "fraud on the court."  Fed. R. Civ. P. 60(d)(3).  Assuming, arguendo, that Rule 60(d)(3) is not subject to any reasonable-timeliness requirement, SLMI has not sustained its heavy burden of establishing a "fraud which does or attempts to, defile the court itself, or is . . . perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial

3

task of adjudging cases." Hadges v. Yonkers Racing Corp., 48 F.3d 1320, 1325 (2d Cir. 1995) (internal quotation marks omitted); accord Gleason v. Jandrucko, 860 F.2d 556, 559 (2d Cir. 1988) (explaining that "fraud on the court" "is limited to fraud which seriously affects the integrity of the normal process of adjudication").

SLMI primarily argues that the fraud on the court here was that Lee and Marvel litigated and resolved Lee's interest in the 10% stake of Marvel's television and movie profits without including SLMI. Even accepting arguendo SLMI's theory that it might have been entitled to whatever money was owed to Lee under the terms of the Lee-Marvel agreement, that would not mean that Lee and Marvel worked a fraud on the court, especially since Lee claims that he previously rescinded his agreement with SLMI, and there is no indication that SLMI objected to the rescission. If SLMI was correct (that Marvel owed the 10% stake to SLMI and not Lee), then SLMI could have brought a separate action against Lee to recover that money.

**[3]** SLMI conceded during oral argument that the judgment must be vacated before SLMI can intervene as a real party in interest under Rule 19 of the Federal Rules of Civil

4

Procedure. This concession is well-taken. As the commentary to the 1966 Amendments to Rule 19 explain: the failure to add a necessary party "does not by that token deprive [the court] of the power to adjudicate as between the parties already before it" and the absence of a necessary party does not "negate the court's power to adjudicate as between the parties who have been joined." See Fed. R. Civ. P. 19, cmt. General Considerations to 1966 Amendments. Accordingly, the judgment entered in the dispute between Lee and Marvel remains enforceable as between them regardless of whether SLMI was joined as a party. Thus, there is no basis to conclude that the original judgment is void or must be vacated. Since that litigation has long been final, there is no pending action in which SLMI might intervene.

**[4]** SLMI argues that the district court abused its discretion in not unsealing certain documents from the underlying litigation. See Gambale v. Deutsche Bank AG, 377 F.3d 133, 139 (2d Cir. 2004) (identifying standard of review). The district court found as a matter of fact that a copy of the documents that SLMI now seeks to unseal had been produced to SLMI during discovery in the Stan Lee Media

5

*Inc. v. Marvel Entm't*, 07 Civ. 2238 (S.D.N.Y.). That factual finding, based on the declaration of Marvel's attorney, is reviewed for clear error. *Mobil Shipping & Transp. Co. v. Wonsild Liquid Carriers Ltd.*, 190 F.3d 64, 67 (2d Cir. 1999). SLMI has not aroused "'the definite and firm conviction'" that the district court's finding that SLMI received the documents was in error. *Id.* at 67-68 (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)). SLMI has -- or, at least, had -- a copy of the documents, so there is no need to unseal them. Accordingly, SLMI has not established that the district court erred in denying its motion.

**[5]** Having decided the matter before us on the above grounds, we do not reach the issue of *res judicata*.

Having considered SLMI's remaining arguments and finding them to be without merit, the judgment of the district court is AFFIRMED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk

6