13-3205-pr
DeVorce v. Phillips

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of March, two thousand fifteen.

PRESENT: DENNIS JACOBS,
RAYMOND J. LOHIER, JR.,
                    Circuit Judges,
FRANK P. GERACI, JR.,[*]
                    District Judge.

- - - - - - - - - - - - - - - - - - - -X
LAMONT DEVORCE,
        Petitioner-Appellant,

        -v.-                                        13-3205-pr

WILLIAM PHILLIPS, Superintendent,
Green Haven Correctional Facility,
        Respondent-Appellee.
- - - - - - - - - - - - - - - - - - - -X

---

[*]     Chief Judge Frank P. Geraci, Jr., of the United States District Court for the Western District of New York, sitting by designation.

**FOR APPELLANT:**     GEORGIA J. HINDE, Law Office of Georgia J. Hinde, New York, New York.

**FOR APPELLEE:**     LISA M. DENIG (Steven A. Bender and William C. Milaccio, <u>on the brief</u>), <u>for</u> Janet DiFiore, District Attorney of Westchester County, White Plains, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Karas, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

LaMont DeVorce appeals from the judgment of the United States District Court for the Southern District of New York (Karas, <u>J.</u>), dismissing his petition for relief under 28 U.S.C. § 2254. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

A writ of habeas corpus under § 2254 may be granted only if the challenged state court ruling "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d). "We review <u>de novo</u> the denial of a petition for a writ of habeas corpus brought under . . . § 2254." <u>Jackson v. Albany Appeal Bureau Unit</u>, 442 F.3d 51, 54 (2d Cir. 2006) (citation and internal quotation marks omitted).

The district court granted a certificate of appealability on whether the following state court rulings involved an unreasonable application of <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986): (I) the ruling that DeVorce failed to make a prima facie showing of discrimination as to the peremptory strike of Juror Williams, and (II) the ruling that the prosecution proffered a race-neutral and non-pretextual reason for the peremptory strike of Juror Smith.

We affirm for the reasons set forth in the district court's thorough and well-reasoned opinion.

2

"[S]tatistics, alone and without more, can, in appropriate circumstances, be sufficient to establish the requisite prima facie showing under Batson." Overton v. Newton, 295 F.3d 270, 278 (2d Cir. 2002). One statistical measure on which we have relied is the "challenge rate,"-- "the percentage of a party's total strikes used against a cognizable racial group." Jones v. West, 555 F.3d 90, 98 (2d Cir. 2009). It is possible to make a prima facie showing of discrimination based on a challenge rate that greatly exceeds the racial group's representation on the venire. United States v. Alvarado, 923 F.2d 253, 256 (2d Cir. 1991).

As the district court observed, the peremptory strike against Juror Williams resulted in a challenge rate against black prospective jurors of 42.8% (three out of seven), at a point when black prospective jurors made up 19.2% (five out of twenty-six) of the venire.[1] True, the trial court *could* therefore have ruled that DeVorce made a prima facie showing of discrimination. Alvarado, 923 F.2d at 256. It does not follow, however, that the court was *required* to reach that conclusion, much less that its failure to do so was unreasonable. See Sorto v. Herbert, 497 F.3d 163, 174 (2d Cir. 2007) ("[I]t is one thing to conclude that a pattern of strikes is prima facie evidence of discrimination; it is a very different thing to hold that the contrary conclusion would be an unreasonable application of Batson.").

Moreover, the record is incomplete on critical information that could confirm (or not) a pattern of discrimination: "the composition of the [entire] venire, the adversary's use of peremptory challenges, the race of the potential jurors stricken, and a clear indication as to which strikes were challenged when and on what ground, and which strikes were cited to the trial court as evidence of a discriminatory intent." Sorto, 497 F.3d at 171-72; see also id. at 172 ("The record before us contains insufficient data

---

[1] Only twenty-six prospective jurors in the first three panels were subject to peremptory strikes by the prosecution. The remainder were struck for cause or dismissed on consent.

as to the prosecution's strike pattern to support a finding that the state court unreasonably applied <u>Batson</u>.").[2] Crucially, the record does not reflect the racial composition of the fourth, fifth, and sixth panels.[3]

Accordingly, the state courts did not unreasonably apply <u>Batson</u> in ruling that DeVorce failed to make a prima facie showing of discrimination as to Juror Williams.

## II

"If the party making the <u>Batson</u> challenge establishes a <u>prima facie</u> case, the trial court must require the non-moving party to proffer a race-neutral explanation for striking the potential juror," and, if one is proffered, "the trial court must determine whether the moving party has carried his or her burden of proving that the strike was motivated by purposeful discrimination." <u>Galarza v. Keane</u>, 252 F.3d 630, 636 (2d Cir. 2001).

In response to DeVorce's <u>Batson</u> challenge to the peremptory strike of Juror Smith, the trial court invited the prosecution to proffer a race-neutral reason. The prosecution proffered several: (1) Smith's "religious beliefs, her being a Jehovah's Witness," (2) "her answers to questions that she's not comfortable in sitting in judgment of an individual," and (3) her residence in Mount Vernon. (Tr. 144-45.)

The trial court apparently credited the second of these reasons:

> I didn't interpret the Jehovah's Witness as being
> a reason so much as maybe her hesitation in
> balancing the respective issues at stake. That's
> what I hear coming from the District Attorney on

---

[2] We decline to rely on the handwritten notes of DeVorce's trial counsel for this missing information because those notes were not in the state record and their accuracy has not been confirmed.

[3] The trial transcript identifies the race of some prospective jurors on those panels, but does not indicate the race of every prospective juror, as would be required for an accurate count.

4

this.  They have offered a race-neutral reason, so the <u>Batson</u> challenge is denied.

(Tr. 146.)  As the district court observed, this statement shows that the trial court credited the prosecution's race-neutral reason.

Because the credibility of a race-neutral reason depends on the in-court demeanor of both the prosecutor and the prospective juror, we owe great deference to the determinations of the trial court.  <u>Cf.</u> <u>Snyder v. Louisiana</u>, 552 U.S. 472, 477 (2008).  The prosecution's reason was amply supported by the record.  (Tr. 43 ("[Smith]: I have moral principles.  I'm not very comfortable in sitting in judgment of another person. . . . I do not think this is my prerogative to judge.").)

We conclude that the trial court did not unreasonably apply <u>Batson</u> in crediting the prosecution's proffered race-neutral reason for the peremptory strike of Juror Smith.

For the foregoing reasons, and finding no merit in DeVorce's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK