19-675-cv
Miller v. City of Ithaca

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 14th day of January, two thousand twenty.

Present:     ROSEMARY S. POOLER,
             PETER W. HALL,
             RICHARD J. SULLIVAN,
                     *Circuit Judges*.

_____

CHRISTOPHER MILLER,

                     *Plaintiff-Appellee*,

             v.                                          19-675-cv

CITY OF ITHACA, NEW YORK, EDWARD VALLELY, in his individual and official capacity as Chief of Police, JOHN BARBER, in his individual and official capacity as Deputy Chief of Police, PETE TYLER, in his individual and official capacity as Deputy Chief of Police,

                     *Defendants-Appellants*.[1]

_____

Appearing for Appellants:     Paul Eric Wagner (John R. Hunt, Anne-Marie Mizel, *on the brief*), Stokes Wagner, ALC, Ithaca, N.Y.

Appearing for Appellee:       A.J. Bosman, Blossvale, N.Y.

---

[1] The Clerk of the Court is directed to amend the caption as above.

Appeal from the United States District Court for the Northern District of New York (Sannes, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said district court be and it hereby is **AFFIRMED**.

Appellants the City of Ithaca and three officials of the City of Ithaca Police Department (collectively, "the City") appeal from the March 14, 2019 order of the United States District Court for the Northern District of New York (Sannes, *J.*) denying their motion for relief from an attorneys' fees and expense judgment under Federal Rule of Civil Procedure 60 and to reimpose a stay of the fee and expense judgment pending the adjudication of Appellee Christopher Miller's remaining discrimination claim. On June 18, 2019, this Court granted the City's motion for a stay of execution of the district court's award of attorneys' fees and costs to Miller pending the instant appeal. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

As an initial matter, Miller contends that this Court lacks jurisdiction to hear this appeal because the district court's denial of Rule 60 relief is not a final order. We disagree. Federal appellate courts have jurisdiction to hear appeals "from all final decisions of the district courts of the United States," 28 U.S.C. § 1291, and we have stated that "[t]here is no question that the denial of a Rule 60(b) motion in non-habeas cases is a 'final order' for purposes of appeal." *Kellogg v. Strack*, 269 F.3d 100, 103 (2d Cir. 2001); *see also Matarese v. LeFevre*, 801 F.2d 98, 105 (2d Cir. 1986) ("An order denying a Rule 60(b) motion is a final order, appealable under 28 U.S.C. § 1291"). Thus, "[t]he order denying the motion under Rule 60(b) is appealable under 28 U.S.C. § 1291, but the appeal brings up only the denial of the motion and not the judgment itself." *Wagner v. United States*, 316 F.2d 871, 872 (2d Cir. 1983).

We review for abuse of discretion a district court's denial of motions to stay execution and modify or set aside a judgment under Federal Rule of Civil Procedure 60(b). *Ruotolo v. City of New York*, 514 F.3d 184, 190-91 (2d Cir. 2008); *Pravin Banker Assocs., Ltd. v. Banco Popular Del Peru*, 109 F.3d 850, 856 (2d Cir. 1997). We review de novo whether a district court complied with a mandate of this Court. *Puricelli v. Republic of Argentina*, 797 F.3d 213, 218 (2d Cir. 2015).

Under the law of the case doctrine, a district court "may not deviate from a mandate issued by an appellate court, and the appellate court retains the right to control the actions of the district court where the mandate has been misconstrued or has not been given full effect." *In re Ivan F. Boesky Sec. Litig.*, 957 F.2d 65, 69 (2d Cir. 1992) (citations omitted); *see also United States v. Tenzer*, 213 F.3d 34, 39 (2d Cir. 2000). We issued a mandate in *Miller v. City of Ithaca*, 758 F. App'x 101, 101 (2d Cir. 2018), and the district court "scrupulously . . . fully carried out" the terms of that mandate. *In re Ivan*, 957 F.2d at 69 (internal quotation marks omitted). In *Miller*, we explicitly upheld the district court's award of attorneys' fees and costs to Miller as a prevailing party. *See Miller*, 758 F. App'x at 103-04 ("We affirm the district court's decision as to fees and costs.").

The district court's denial of the City's motion for relief from judgment complied with the "the express terms" and "the spirit of the mandate" of this Court's decision in *Miller*. *See In*

*re Ivan*, 957 F.2d at 69. We therefore conclude that the district court did not abuse its discretion in denying the City's motion for relief from the award of attorneys' fees and costs, or in denying the City's request for a stay of execution of that award in this lengthy litigation that began in May 2010—nearly a decade ago.

We have considered the remainder of the City's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED. The stay of execution this Court issued on June 18, 2019, is lifted upon issuance of this Court's mandate.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk