22-1055-cr
*United States v. Ferranti (Jack Ferranti)*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand twenty-three.

PRESENT: JOSÉ A. CABRANES,
JOSEPH F. BIANCO,
SARAH A. L. MERRIAM,
*Circuit Judges.*

_____

United States of America,

       *Appellee,*

    v.                                                                              22-1055-cr

Mario Ferranti, Thomas Tocco,

       *Defendants,*

Jack Ferranti,

       *Defendant-Appellant.*

_____

FOR DEFENDANT-APPELLANT:      Jack Ferranti, *pro se*, Ashland, KY.

FOR APPELLEE:      Susan Corkery, Kayla Bensing, Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Kovner, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the motion for a certificate of appealability is **DENIED** and the appeal is **DISMISSED**.

In 1996, Jack Ferranti was convicted of arson homicide, arson conspiracy, mail fraud, and witness tampering. The district court principally sentenced him to 435 months' imprisonment. We affirmed the conviction and sentence. *See United States v. Tocco*, 135 F.3d 116 (2d Cir. 1998). Ferranti has since filed multiple unsuccessful collateral attacks on his conviction and sentence. Relevant here, in 2001, we affirmed the denial of Ferranti's original 28 U.S.C. § 2255 motion. *See Ferranti v. United States*, 6 F. App'x 67 (2d Cir. 2001) (summary order).

About eighteen years later, in 2019, Ferranti filed a Federal Rule of Civil Procedure 60(b) motion that challenged both the denial of his first § 2255 motion and his underlying sentence. The district court denied the motion as untimely and outside the scope of Rule 60(b) and declined to issue a certificate of appealability ("COA"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

A COA is a jurisdictional prerequisite to an appeal from a final order in a § 2255 proceeding. 28 U.S.C. § 2253(c)(1)(B); *Gonzalez v. Thaler*, 565 U.S. 134, 142 (2012). Although Ferranti did not move for a COA in this Court, the government is correct that a COA is necessary to appeal from an order denying a Rule 60(b) motion that challenges the denial of an earlier § 2255 motion. *See Kellogg v. Strack*, 269 F.3d 100, 103 & n.3 (2d Cir. 2001) (per

2

curiam). Therefore, we construe Ferranti's notice of appeal, as supplemented by his brief, as a request for a COA. *See* Fed. R. App. P. 22(b)(2) ("If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals.").

"In order to obtain a COA, the petitioner must make 'a substantial showing of the denial of a constitutional right.'" *Kellogg*, 269 F.3d at 104 (quoting 28 U.S.C. § 2253(c)(2)). In the context of an appeal from the denial of a Rule 60(b) motion,

> a COA should issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right.

*Id.*

"A district court abuses its discretion if it bases 'its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.'" *Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122, 127 (2d Cir. 2010) (quoting *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998)).

We decline to issue a COA because the district court did not abuse its discretion by denying Ferranti's motion. Rule 60(b) sets forth six available grounds for relief, including "mistake, inadvertence, surprise, or excusable neglect" and "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). A litigant must file a Rule 60(b) motion premised on mistake "no more than a year after the entry of the judgment or order[.]" Fed. R. Civ. P. 60(c)(1). Ferranti filed his motion, which was partially premised on an alleged mistake of law, approximately eighteen years after we affirmed the district court's denial of the original § 2255 motion. It was therefore untimely.

3

To the extent Ferranti premised his motion on other grounds, the motion was also untimely. A Rule 60(b) motion premised on the catch-all provision of (b)(6) must be filed "within a reasonable time . . . after the entry of the judgment or order."[1] Fed. R. Civ. P. 60(c)(1). "What qualifies as a reasonable time, however, will ordinarily depend largely on the facts of a given case, including the length and circumstances of the delay and the possibility of prejudice to the opposing party." *Montco, Inc. v. Barr* (*In re Emergency Beacon Corp.)*, 666 F.2d 754, 760 (2d Cir. 1981). A delay as extensive as the one here will not be reasonable "absent mitigating circumstances." *Kellogg*, 269 F.3d at 104 (holding Rule 60(b) motion filed after 26 months was untimely).

Ferranti has not demonstrated any such circumstances. To the contrary, the case he alleges his attorney failed to raise, *United States v. Martin*, 100 F.3d 46 (7th Cir. 1996), was decided before we affirmed his conviction and sentence in his direct criminal appeal. Ferranti acknowledges in his Rule 60(b) motion that he attempted to bring this issue to the district court's attention in various ways and was therefore aware of the case at the time. This cannot justify the extensive delay in this case.

We have considered Ferranti's remaining arguments and find them to be without merit. Accordingly, we **DENY** a certificate of appealability and **DISMISS** the appeal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] To be sure, "[w]here a party's Rule 60(b) motion is premised on grounds fairly classified as mistake, inadvertence, or neglect, relief under Rule 60(b)(6) is foreclosed," and a motion filed after one year is "nothing more than a late Rule 60(b)(1) motion." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012).