24-2909-cr
United States v. Vasquez

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of March, two thousand twenty-six.

PRESENT:  DENNIS JACOBS,
ROBERT D. SACK,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                    No. 24-2909-cr

PETER VASQUEZ,

*Defendant-Appellant*.*

------------------------------------------------------------------

---

* The Clerk of Court is directed to amend the caption as set forth above.

FOR DEFENDANT-APPELLANT:     Peter Vasquez, *pro se*, Joint Base
                              MDL, NJ

FOR APPELLEE:                Susan Corkery, Joshua Dugan,
                              Assistant United States
                              Attorneys, *for* Joseph Nocella,
                              Jr., United States Attorney for
                              the Eastern District of New
                              York, Brooklyn, NY

Appeal from an order of the United States District Court for the Eastern

District of New York (Ann M. Donnelly, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the motion for a certificate of appealability is DENIED and

the appeal is DISMISSED.

Peter Vasquez, representing himself, appeals from an order entered in the

United States District Court for the Eastern District of New York (Donnelly, *J.*)

denying his motion for reconsideration of a prior order denying his 28 U.S.C.

§ 2255 habeas petition.  We assume the parties' familiarity with the underlying

facts and the record of prior proceedings, to which we refer only as necessary to

explain our decision to deny the motion and dismiss the appeal.

In 2020 Vasquez pleaded guilty to racketeering conspiracy in violation of

18 U.S.C. § 1962(d).  During the plea proceeding, the District Court conducted a

detailed colloquy regarding, among other things, Vasquez's waiver of indictment

2

with respect to certain racketeering acts. The District Court confirmed that Vasquez understood and agreed to waive his right to indictment by a grand jury. He was subsequently sentenced principally to a term of 22 years' imprisonment.

Vasquez challenged his conviction and sentence by filing a counseled petition under § 2255 alleging ineffective assistance of counsel. The District Court denied the petition and declined to issue a certificate of appealability. When Vasquez appealed, this Court also declined to issue a certificate of appealability and dismissed his appeal. *Vasquez v. United States*, No. 23-7561, Dkt. 22 (2d Cir. Mar. 13, 2024). In doing so, we noted that Vasquez had not made a "substantial showing of the denial of a constitutional right," in part because he knowingly, voluntarily, and in open court waived his Fifth Amendment right to indictment by a grand jury. *Id.* (quotation marks omitted).

In 2024 Vasquez filed the uncounseled motion for reconsideration under Federal Rule of Civil Procedure 60(b) at issue here. The Rule 60(b) motion challenged his judgment of conviction on the basis that his waivers were ineffective and that the Government lacked authority to proceed by information. The District Court denied the motion on the ground that it challenged the validity of the underlying conviction rather than a defect in the

3

prior habeas proceeding and therefore fell outside the scope of Rule 60(b). The District Court declined to issue a certificate of appealability because Vasquez had not made a substantial showing of the denial of a constitutional right.

A certificate of appealability is required to appeal the denial of a Rule 60(b) motion where the underlying judgment denies relief under § 2255. *See* 28 U.S.C. § 2253(c); *Kellogg v. Strack*, 269 F.3d 100, 102–03 & n.3 (2d Cir. 2001). Accordingly, we construe Vasquez's notice of appeal, as supplemented by his brief, as a motion for a certificate of appealability. *See* Fed. R. App. P. 22(b)(2). To obtain a certificate of appealability following the denial of a Rule 60(b) motion, a petitioner must show that "(1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition . . . states a valid claim of the denial of a constitutional right." *Kellogg*, 269 F.3d at 104.

Vasquez has not made that showing. His argument—that his waivers were ineffective because the Government could not proceed by information— was raised for the first time in his Rule 60(b) motion. The District Court therefore acted within its discretion in determining that the motion was not a

4

proper Rule 60(b) motion, which may challenge the integrity of the federal habeas proceeding but may not be used to assert or reassert claims attacking the underlying conviction. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). Although styled as a jurisdictional challenge, Vasquez's motion sought to revisit the validity of his plea and conviction rather than any procedural defect in the adjudication of his § 2255 petition. The District Court therefore properly concluded that the motion was beyond Rule 60(b)'s permissible scope. Because Vasquez has not demonstrated that the District Court abused its discretion or that he was denied a constitutional right, a certificate of appealability is unwarranted.

We have considered Vasquez's remaining arguments and conclude that they are without merit. For the foregoing reasons, the motion for a certificate of appealability is DENIED and the appeal is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court