24-2560-cr
*United States v. Baker*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of March, two thousand twenty-six.

PRESENT:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge,*
> DENNIS JACOBS,
> PIERRE N. LEVAL
> > *Circuit Judges.*

_____

United States of America,

> *Appellee,*

> v.                                                                          24-2560

Raymond Baker,

> *Defendant-Appellant.*

_____

FOR DEFENDANT-APPELLANT: Raymond Baker, pro se, Joint Base MDL, NJ.

FOR APPELLEE: Michael S. Barnett, Assistant United States Attorney, *for* John A. Sarcone III, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from orders of the United States District Court for the Northern District of New York (McAvoy, *J.*, Nardacci, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court, entered on August 30, 2024, is **AFFIRMED** to the extent it denied compassionate release, and the appeal is **DISMISSED** to the extent it appeals from the denial of the 28 U.S.C. § 2255 and Rule 59(e) motions.

Raymond Baker, pro se, appeals from the district court's orders denying his 28 U.S.C. § 2255 motion, his Federal Rule of Civil Procedure 59(e) motion, and his motion for compassionate release. After a jury trial, Baker was convicted of conspiracy to distribute and possess with intent to distribute heroin. The district court sentenced Baker, principally, to a below-Guidelines sentence of 180 months' imprisonment. This Court affirmed the judgment of conviction. *United States v. Baker*, 899 F.3d 123, 125 (2d

2

Cir. 2018). Baker, pro se, filed a § 2255 motion, asserting ineffective assistance of counsel. Among other things, he argued that counsel was ineffective by failing to challenge the use of his state conviction for "simple possession" as a § 4B1.1 career offender predicate. The district court denied the motion and a certificate of appealability. Baker moved for relief under Rule 59(e) as well as for compassionate release under 18 U.S.C. § 3582(c)(1)(A). In his compassionate release motion, Baker argued that the COVID-19 pandemic and other reasons warranted his release. The district court denied the Rule 59(e) and compassionate release motions in the same order, concluding that Rule 59(e) relief was not warranted and that Baker had not established an extraordinary or compelling reason for a sentence reduction. Baker appealed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.[1]

---

[1] As to his compassionate release motion, Baker's appellate brief does not raise his sentencing disparity, understaffing, rehabilitation, or release plan arguments. He has therefore abandoned these issues. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995). Baker newly describes the cancer diagnosis of a maternal figure, but he did not raise this issue in the district court. *See Green v. Dep't of Educ. of City of N.Y.*, 16 F.4th 1070, 1078 (2d Cir. 2021) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (internal quotation marks omitted)). As to his § 2255 and Rule 59(e) motions, Baker's brief addresses only his ineffective assistance claim related to his career offender designation. Accordingly, he has abandoned the additional ineffective assistance arguments he raised in the district court. *LoSacco*, 71 F.3d at 92-93.

Turning first to the denial of Baker's motion for compassionate release, we review the denial of a motion for a discretionary sentence reduction for abuse of discretion and underlying matters of statutory interpretation *de novo*. *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022) (per curiam). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (per curiam) (internal quotation marks omitted).

Under 18 U.S.C. § 3582(c)(1)(A), a district court "may reduce" a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction," and "after considering the factors set forth in section 3553(a)." § 3582(c)(1)(A)(i); *see also Keitt*, 21 F.4th at 71. Because both extraordinary and compelling circumstances and the § 3553(a) factors must support relief, concluding that either condition is lacking is sufficient to deny relief and for us to affirm. *See Keitt*, 21 F.4th at 73.

The district court did not abuse its discretion in denying Baker's § 3582(c)(1)(A) motion. The court properly concluded that Baker did not demonstrate that "extraordinary and compelling reasons" warranted a sentence reduction. Baker argued that the COVID-19 pandemic and related prison conditions warranted release. But as the district court observed, case counts were now low, and Baker did not adequately

4

demonstrate that he had a medical condition that placed him at an increased risk of severe illness. *See United States v. Jones*, 17 F4th 371, 375 (2d Cir. 2021) (per curiam) (affirming denial of compassionate release where case counts were low and defendant did not assert that his asthma was moderate or severe). Accordingly, the district court's denial of a sentence reduction was well "within the range of permissible decisions." *See Keitt*, 21 F.4th at 71 (internal quotation marks omitted).

Turning next to the denial of Baker's § 2255 and Rule 59(e) motions, we construe Baker's notice of appeal, as supplemented by his brief, as a motion for a certificate of appealability. *See* Fed. R. App. P. 22(b)(2) ("If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals."). We deny a certificate of appealability because Baker has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Jackson v. Albany Appeal Bureau Unit*, 442 F.3d 51, 54 (2d Cir. 2006) (concluding that 28 U.S.C. § 2253(c)'s requirement of a certificate of appealability applies to Rule 59(e) motions).

We have considered all of Baker's arguments and find them to be without merit.[2] Accordingly, we **AFFIRM** the order of the district court, entered on August 30, 2024, to

---

[2] We deny Baker's pending motion to vacate, set aside, or correct his sentence and for compassionate release, *United States v. Baker*, 24-2560, Dkts. 16, 24–25, as moot.

5

the extent it denied compassionate release, and **DISMISS** the appeal to the extent it appeals from the denial of the § 2255 and Rule 59(e) motions.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6