**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0253n.06

No. 10-1017

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Mar 05, 2012**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| ADARUS MAZIO BLACK, aka Dude, aka | ) | THE EASTERN DISTRICT OF |
| Chuck, aka Mark Andrea Gillery, Jr., aka | ) | MICHIGAN |
| Shamario Lamont Kidd, aka Shamario L. Carr, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: GRIFFIN and KETHLEDGE, Circuit Judges; THAPAR, District Judge.[*]

PER CURIAM. Adarus Mazio Black was convicted in separate jury trials of conspiracy to possess with intent to distribute and to distribute cocaine and marijuana, in violation of 21 U.S.C. §§ 841 and 846, and escape or attempted escape from federal custody, in violation of 18 U.S.C. § 751. The district court sentenced Black to consecutive prison terms of life on the conspiracy count and twenty-four months on the escape count. Black raises several challenges to his conviction and sentence for the drug conspiracy. For the following reasons, we affirm the district court's judgment.

---

[*]The Honorable Amul R. Thapar, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Black first argues that the district court abused its discretion and violated his constitutional rights by not holding a hearing to determine whether he was competent to stand trial. The district court must grant a motion by a defendant or the government for a competency hearing "if there is reasonable cause to believe that the defendant" is mentally incompetent to stand trial. 18 U.S.C. § 4241(a). Even absent such a motion, "a court is required to order such a hearing if the statutory standard of 'reasonable cause' is satisfied." *United States v. Denkins*, 367 F.3d 537, 545 (6th Cir. 2004) (citation omitted). A defendant is incompetent if he "lack[s] either a 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' or 'a rational as well as factual understanding of the proceedings against him.'" *United States v. Miller*, 531 F.3d 340, 350 (6th Cir. 2008) (quoting *Drope v. Missouri*, 420 U.S. 162, 172 (1975)).

The district court granted the government's motion for a competency determination after Black's escape attempt. Following a month-long competency evaluation conducted by the Bureau of Prisons, a psychologist deemed Black competent to stand trial. Although Black's second attorney, Paul Curtis, informed the district court that Black had asked him to move for an independent psychological evaluation to determine his competency, neither Black nor his attorneys ever filed such a motion, and none of his subsequent attorneys requested a competency hearing. Under these circumstances, Black abandoned the competency issue. *See Denkins*, 367 F.3d at 546 (holding that "the district court was not obligated to press forward" when the defendant did not pursue his incompetency argument after an evaluation deemed him competent).

Further, there was insufficient evidence of incompetence in the record triggering a due process right to a competency hearing. *See id.* at 547-48. As we observed in similar circumstances, "a defendant is not rendered incompetent to stand trial merely because he cannot get along with his counsel or disapproves of his attorney's performance." *Miller*, 531 F.3d at 349. None of Black's

attorneys expressed doubt regarding his competence, the psychologist who examined Black found that he was competent to stand trial, and the record reflects that Black, although showing signs of paranoia, understood the proceedings and was able to participate actively in his own defense. Notably, Black does not identify any actions, aside from his escape attempt, that should have caused the district court to question his competency; in fact, he suggests that the government's motion for a competency evaluation was unwarranted and was designed to delay his trial and obtain access to confidential information. Accordingly, the district court was not constitutionally obligated to order sua sponte a competency hearing and committed no error by failing to do so. *See id.* at 349-50.

Black next argues that the district court abused its discretion and violated his Fifth and Sixth Amendment rights by denying his newly retained attorney's motion for a continuance. We review this ruling for abuse of discretion. *See United States v. Warshak*, 631 F.3d 266, 298 (6th Cir. 2010). The denial of a continuance motion "amounts to a constitutional violation only if there is an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay." *Id.* (citations and internal quotation marks omitted). Additionally, reversal is warranted only if the defendant shows that the denial resulted in actual prejudice. *Id.* "Actual prejudice is established by showing that a continuance would have made relevant witnesses available or added something to the defense." *United States v. Crossley*, 224 F.3d 847, 855 (6th Cir. 2000) (citation and internal quotation marks omitted).

Black argues that his sixth trial attorney, who he retained approximately eight weeks before the scheduled trial date, did not have enough time to obtain a complete case file, adequately review the discovery materials, or interview or subpoena witnesses in preparation for trial. Black also argues that his attorney needed more time to gather evidence in support of his allegations of misconduct by the government and his former attorneys. Black fails, however, to identify any

specific witnesses that should have been called at trial or otherwise demonstrate actual prejudice arising from the denial of his continuance motion. Moreover, at the same time that Black sought to postpone his trial, he also complained that his right to a speedy trial was being violated. Under these circumstances, Black has failed to demonstrate that the district court acted arbitrarily by denying his motion for a continuance or that he suffered actual prejudice as a result. *See Warshak*, 631 F.3d at 298-99.

Black also argues that the district court abused its discretion by denying his request for an evidentiary hearing on the allegations of misconduct by the government and his prior attorneys that were raised in his motions to dismiss the indictment, including his allegations that (1) the government threatened to prosecute his friends and family members if they assisted in his defense and filed a false complaint against one of them in order to obtain information to use against him; (2) his prior attorneys represented government witnesses and improperly shared information with the government; and (3) the government engaged in other "inappropriate behavior," such as placing cooperating individuals in jail with him to obtain incriminating statements, seizing confidential information from his cell, giving him truth serum, and improperly subjecting him to genetic testing.

Except in rare circumstances, the remedy for prosecutorial misconduct that interferes with a defendant's right to the effective assistance of counsel is not dismissal of the indictment, but the suppression of particular evidence or reversal of the conviction. *See, e.g.*, *United States v. Clark*, 319 F. App'x 395, 400 (6th Cir. 2009). Absent some showing that the alleged misconduct "substantially influenced" the grand jury's decision to indict, pre-trial dismissal of the indictment is not warranted. *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256 (1988). Because Black did not allege remotely plausible facts that would have supported dismissal of the indictment, the district court did not err by denying his request for an evidentiary hearing. *Id.*; *cf. United States v.*

*Simpson*, 226 F. App'x 556, 560 (6th Cir. 2007) (holding that, because the defendant did not allege facts that would warrant dismissal based on vindictive prosecution, the district court was not required to grant his request for an evidentiary hearing); *cf. Williams v. Bagley*, 380 F.3d 932, 977 (6th Cir. 2004) (holding that "bald assertions and conclusory allegations do not provide sufficient ground to warrant . . . an evidentiary hearing").

Black next argues that there was a prejudicial variance between the single conspiracy charged in the indictment and the evidence produced at trial, and that the district court erred by denying his request for a multiple conspiracy jury instruction. "[W]hen the evidence is such that the jury could within reason find more than one conspiracy, the trial court should give the jury a multiple conspiracy instruction." *United States v. Kelsor*, 665 F.3d 684, 695 (6th Cir. 2011) (quoting *United States v. Warner*, 690 F.2d 545, 551 (6th Cir. 1982)). "The danger such an instruction seeks to avoid . . . 'is the transference of guilt from defendants involved in one conspiracy to defendants in another conspiracy, such that a defendant is convicted for a conspiracy for which he was not indicted.'" *Id.* (quoting *United States v. Caver*, 470 F.3d 220, 246 (6th Cir. 2006)). When the evidence demonstrates multiple conspiracies, the failure to give the instruction is prejudicial "if the error of trying multiple conspiracies under a single indictment substantially influenced the outcome of the trial." *Caver*, 470 F.3d at 237.

Black cannot demonstrate prejudice from the district court's failure to give a multiple conspiracy instruction. Even if it is assumed that multiple drug conspiracies existed, the government produced sufficient evidence establishing that Black, the sole defendant, played a central role in each conspiracy. As in *Caver*, "this [is] not a case where a defendant with a relatively minor role was forced to endure an extended trial where the bulk of the evidence did not pertain to him." 470 F.3d at 237. Under these circumstances, reversal is not warranted. *See id.*; *cf. United States v. Goff*, 400

F. App'x 1, 13 (6th Cir. 2010) (holding that the defendant was not prejudiced by the failure to give a multiple conspiracy instruction because he was the only defendant tried and was an "integral participant" in each conspiracy, he was not surprised by the introduction of evidence of the different conspiracies, and "the different conspiracies were clearly delineated chronologically"), *cert. denied*, 131 S. Ct. 1032 (2011).

Black next challenges the admission of videotaped statements made by a co-conspirator, Chris Perez, to John Benson, an attorney and drug trafficker who was acting as confidential informant for the government. Co-conspirator statements are admissible under Federal Rule of Evidence 801(d)(2)(E) if the government demonstrates that: "(1) the conspiracy existed; (2) the defendant was a member of the conspiracy; and (3) the co-conspirator made the proffered statements in furtherance of the conspiracy." *United States v. Warman*, 578 F.3d 320, 335 (6th Cir. 2009).

Black argues that the statements in the videotape constituted inadmissible hearsay because there was no evidence that he was involved in a conspiracy with Benson, neither Benson's statements nor Perez's statement were in furtherance of any conspiracy with which Black was allegedly involved, and the statements were protected by the attorney-client privilege. But Black called and spoke with Benson during the meeting, demonstrating that Benson was part of the conspiracy. Moreover, Perez and Benson did speak "in furtherance" of the conspiracy because Perez updated Benson on the conspiracy's status: For example, Perez discussed future cocaine deals and disclosed that Black killed someone in the drug business. *See Warman*, 578 F.3d at 338. Additionally, Black fails to offer any developed argument challenging the district court's determination that he did not have standing to invoke the attorney-client privilege on behalf of Perez. Accordingly, we find no error in the district court's decision to admit Perez's statements under Rule 801(d)(2)(E).

Finally, Black argues that the district court erred by imposing a life sentence based on facts that were found by the district court by a preponderance of the evidence rather than by the jury beyond a reasonable doubt. It is well established, however, that the Sixth Amendment is not violated by the district court's reliance on judge-found facts to enhance a defendant's sentence, so long as those facts are supported by a preponderance of the evidence and the sentence imposed does not exceed the statutory maximum. *See, e.g.*, *United States v. White*, 551 F.3d 381, 384 (6th Cir. 2008) (en banc); *United States v. Sexton*, 512 F.3d 326, 330 (6th Cir. 2008). Accordingly, this argument is without merit.

For these reasons, we affirm the district court's judgment.