NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0003n.06

No. 11-1583

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Jan 02, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| VAN CHESTER THOMPKINS, JR., | ) | |
| | ) | |
| Petitioner-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| MARY BERGHUIS, Warden, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

BEFORE: MOORE, CLAY and ROGERS, Circuit Judges.

ROGERS, Circuit Judge. In 2002, Van Thompkins was convicted of first-degree murder, assault with intent to commit murder and several firearms-related charges in Michigan state court. Since his conviction and incarceration, Thompkins has pursued post-conviction relief in the Michigan courts and the federal courts, resulting in two federal cases. The present case comes to us as an appeal of the district court's denial of Thompkins' Rule 60(b) motion challenging the veracity of certain trial testimony and its failure to hold an evidentiary hearing. For the following reasons, the district court was correct in denying the challenge to testimony as a second or successive habeas petition and properly denied his challenge to the evidentiary hearing in earlier proceedings.

The facts of this case have been recounted multiple times in earlier proceedings and need not be restated here. *See Berghuis v. Thompkins*, — U.S. —, 130 S. Ct. 2250 (2010) (*Thompkins III*); *Thompkins v. Berghuis*, 547 F.3d 572 (6th Cir. 2008) (*Thompkins II*); *Thompkins v. Berghuis*, No.

05-70188, 2006 WL 2811303 (E.D. Mich. Sept. 28, 2006) (*Thompkins I*). After the Supreme Court ordered this court to deny his habeas petition, Thompkins filed a pro se motion for relief from the judgment under Federal Rules of Civil Procedure 60(b) and 60(d). R.46. His motion alleged that Detective Helgert fabricated Thompkins' confession and lied on the stand during state court proceedings, resulting in fraud on the state court, which was perpetuated in the subsequent federal proceedings. *Id.* at 6–11. Helgert testified that Thompkins remained silent for nearly three hours during police interrogation, but answered "yes" when asked if he prayed to God to forgive him for the shooting. Thompkins also alleged that the district court erred in the initial habeas proceeding by failing to hold an evidentiary hearing regarding the truthfulness of Detective Helgert's testimony, and requested that the second detective at his interrogation be called to testify regarding Thompkins' statements or lack of statements. *Id.* at 7. Attached to the motion was Thompkins' affadavit stating that Helgert had never asked him about praying to God and that his trial and appellate counsel prevented him from testifying about the fabricated statement. *Id.* at 15–17.

The district court denied the Rule 60(b) motion on procedural grounds: first, with respect to Thompkins' claims about a fabricated confession, the motion was a second or successive habeas petition; second, with respect to Thompkins' allegation of error for failure to hold an evidentiary hearing, the motion could no longer be entertained because the 2006 district court ruling had been voided by the Sixth Circuit's 2008 reversal and therefore was no longer available for a challenge. R.47. The district court subsequently denied Thompkins' pro se motions for reconsideration under Rule 60(d) and for a certificate of appealability. R.49; R.54. A certificate of appealability was then issued by this court.

The district court was correct in treating Thompkins' claim under Rule 60(b) as an impermissible second or successive § 2254 petition, because it attacks the state court's judgment of conviction.[1]  In his original § 2254 petition, Thompkins argued that his statements to Detective Helgert were involuntary and asserted that his Fifth Amendment right to remain silent had been violated.  R.1 at 5.  Despite arguing for years that his statements were involuntary, Thompkins now claims that he never made any statements to Detective Helgert and that Detective Helgert fabricated his confession.

The district court was correct in its determination that Thompkins' claim was a second or successive petition, not a Rule 60(b) motion, under the framework established by the Supreme Court.  *See Gonzalez v. Crosby*, 545 U.S. 524 (2005).  Under *Gonzalez*, a Rule 60(b) motion must be treated as a second or successive petition when it attacks the state court's judgment of conviction or brings a new claim, such as a new ground for relief or an attack on the federal court's previous resolution of the claim on the merits.  *Id.* at 532.  Although the Supreme Court indicated that fraud on the federal habeas court was an acceptable reason to bring a Rule 60(b) motion because it attacks a defect in the integrity of the proceedings, the Court noted that attacks that "in effect, ask[] for a second chance to have the merits determined favorably" do *not* go to the integrity of the proceeding and should instead be characterized as a second or successive habeas petition.  *Id.* at 532 n.4.

---

[1]A successful Rule 60(b) motion grants relief from a final judgment if the petitioner can show fraud by an opposing party, mistake or newly discovered evidence that could not have been discovered in time to move for a new trial.  Fed. R. Civ. P. 60(b).

Thompkins asserts that Helgert's lies constitute fraud on the federal habeas court. However, Detective Helgert testified only in state court and never interacted with the federal district court. Even assuming Detective Helgert lied on the stand, the fraud would have been perpetrated against the state court, not the federal court. Thompkins argued below that the fraud was perpetuated when Detective Helgert's testimony became part of the federal record and the basis for evaluating his waiver of his *Miranda* rights. R.46; R.48. However, Thompkins must show by clear and convincing evidence that a fraud was perpetrated on the federal court, not just the state court, in order to be successful. *See Carter v. Anderson*, 585 F.3d 1007, 1011 (6th Cir. 2010). Because Thompkins has not demonstrated that there was any willful deceit or intentional action on the part of the Michigan prosecutors, or reckless disregard by his own attorneys in allowing Detective Helgert's testimony in state court to become part of the record in federal court, Thompkins cannot establish fraud on the court and is trying to get a second chance to have the merits of his case determined favorably. Therefore, Thompkins' Rule 60(b) motion is nothing more than an attack on the state court's judgment of conviction and should properly be considered a second or successive habeas petition.

Thompkins clearly lost his initial habeas petition. The Supreme Court directed this court to deny the petition and we did so in our order. To raise a new claim, Thompkins must meet the requirements of a second or successive petition. Treating this motion as such a request, we deny the motion because Thompkins has failed to show that (1) his claim relies on a new and previously unavailable rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) the factual predicate for his claim could not have been discovered previously through the exercise of due diligence, and if proven, would be sufficient to exonerate him by clear and

convincing evidence. *See* 28 U.S.C. § 2244(b)(2). Because Thompkins' claim meets neither of these requirements, he is not entitled to file a second § 2254 petition.

Thompkins does make a procedural argument on appeal that, if colorable, would arguably not be a new "claim" for *Gonzalez* purposes. *See* 545 U.S. at 530. He argues that the district court failed to hold an evidentiary hearing before denying habeas relief in 2006, and that in such a hearing the court would have heard for the first time a claim that Thompkins never made the inculpatory statements. But as the district court properly reasoned:

> [i]n his habeas petition, Petitioner did not claim that Detective Helgert lied when he testified at trial regarding Petitioner's statement when asked whether he prayed to God for the shooting. Petitioner only asserted that his answer during the interrogation was involuntary because it was obtained after three hours of questioning during which time Petitioner remained largely silent. The sole issue presented was whether Petitioner invoked his right to remain silent based on the circumstances surrounding the interrogation. An evidentiary hearing was not necessary to resolve that issue.

*Thompkins v. Berghuis*, 05-70188, 2011 WL 835927 at *2 (E.D. Mich. Mar. 8, 2011). Thus, even if the procedural argument is not a new "claim," the contention that it relates to was not raised before the district court on the original habeas petition and therefore was waived. *Cf. Lancaster v. Metrish*, 683 F.3d 740, 753 (6th Cir. 2012) (holding that a party in a habeas case waives an argument by failing to raise it before the district court).

We affirm the district court's judgment and, treating the appeal as a request for permission to file a second or successive habeas petition, deny the request.