16-124; 16-125
Torres v. United States

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

_____

August Term, 2015

(Submitted: April 6, 2016                    Decided: August 9, 2016)

Docket Nos. 16-124; 16-125

_____

GEORGE TORRES,

*Petitioner-Appellant,*

-- v. --

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

_____

Before:

POOLER and PARKER, *Circuit Judges*.[1]

_____

_____

[1] Judge Livingston, a member of the original panel, subsequently recused herself. Therefore, this case is decided by the two remaining members of the panel pursuant to Internal Operating Procedure E(b) of the Local Rules of the United States Court of Appeals for the Second Circuit.

Appellant George Torres moves for a certificate of appealability to appeal the district court's order denying his Fed. R. Civ. P. 60(d) motion to set aside the court's order denying his 28 U.S.C. § 2255 motion. We hold that a certificate of appealability is required to appeal the denial of a Fed. R. Civ. P. 60(d) motion in a § 2255 proceeding, and we DENY Appellant's motion for a certificate of appealability and DISMISS the appeal.

—————————————————

GEORGE TORRES, Estill, South Carolina, *pro se.*

MARGARET GARNETT, United States Attorney's Office for the Southern District of New York, New York, New York, *for Respondent-Appellee.*

—————————————————

PER CURIAM:

George Torres, *pro se,* moves for a certificate of appealability ("COA"), permitting him to appeal an order entered by the United States District Court for the Southern District of New York, (Chin, *J.,* sitting by designation). The order denied Torres's Fed. R. Civ. P. 60(d) motion for relief from the District Court's prior order denying his 28 U.S.C. § 2255 motion. In *Kellogg v. Strack*, 269 F.3d 100 (2d Cir. 2001), this Court held that a COA is required to appeal a district court's denial of a Rule 60(b) motion for relief from judgment when the underlying

2

order denied 28 U.S.C. § 2254 habeas relief. Because the principles animating *Kellogg* apply with equal force in the Rule 60(d) context, we now hold that a COA is required to appeal a district court's denial of a Rule 60(d) motion when the underlying order denied § 2255 relief.

## FACTUAL AND PROCEDURAL BACKGROUND

In November of 2013, Torres filed a 28 U.S.C. § 2255 motion challenging his federal conviction for conspiracy to commit murder. The District Court denied the motion, and Torres then moved under Fed. R. Civ. P. 60(d) to set aside the denial on the grounds that the Government had committed fraud on the court. The district court denied Torres's Rule 60(d) motion and denied a COA. Torres appealed, and he moves in this Court for a COA.

## DISCUSSION

A petitioner's right to appeal an order denying a § 2255 motion is governed by 28 U.S.C. § 2253(c), which provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . (B) the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1). The question presented by Torres's COA motion is whether a

district court's denial of a Fed. R. Civ. P. 60(d) motion for relief from an order denying a § 2255 motion is governed by this provision, thereby requiring that a COA be issued before the appeal may go forward.

We addressed a nearly identical question in *Kellogg*. In *Kellogg*, we explained that, because an order denying a Rule 60(b) motion is a "final order," the plain text of § 2253(c)(1) makes the COA requirement applicable to an order denying a Rule 60(b) motion in a habeas proceeding under § 2254. 269 F.3d at 102-03. The same principle applies here: because an order denying a Rule 60(d) motion is a final order, § 2253(c)(1)'s COA requirement applies to an order denying a Rule 60(d) motion in a § 2255 proceeding. Our conclusion comports with the practice of the other Circuits that have addressed the issue. *See Gregory v. Denham*, 623 F. App'x 932, 933 (10th Cir. 2015) (denying a COA to appeal the denial of a Rule 60(d) motion in a § 2255 proceeding); *United States v. Russell*, 432 F. App'x 276, 276-77 (4th Cir. 2011) (same); *Thompkins v. Berghuis*, 509 F. App'x 517, 519 (6th Cir. 2013) (noting that the Court had previously granted a COA to appeal the denial of a joint Rule 60(b) and Rule 60(d) motion in a § 2254 habeas

4

proceeding).[2] Indeed, it would be inconsistent to apply the COA requirement in the Rule 60(b) context, but not the rule 60(d) context. Rule 60(b) and Rule 60(d) serve a similar purpose: to allow district courts, in appropriate circumstances, to grant relief from a judgment or final order. *See* Fed. R. Civ. P. 60 (titled "Relief from a Judgment or Order").

We thus expressly hold that a petitioner must obtain a COA to appeal the denial of a Rule 60(d) motion in a § 2255 proceeding. We now address the merits of Torres's COA motion. In order to obtain a COA, Torres must show that "(1) jurists of reason would find it debatable whether the district court abused its discretion in denying his Rule 60[(d)] motion, and (2) jurists of reason would find it debatable whether the underlying [§ 2255 motion]," in light of the grounds alleged to support the 60(d) motion, "states a valid claim of the denial of a constitutional right." *Kellogg*, 269 F.3d at 104. We have reviewed the record and conclude that Torres has not made the requisite showing. Accordingly, it is

---

[2] Although *Thompkins* was decided in the § 2254 habeas context, its reasoning applies with equal force in the § 2255 context. *See Jackson v. Albany Appeal Bureau Unit*, 442 F.3d 51, 54 n.2 (2d Cir. 2006) *(*"Since § 2254 and 28 U.S.C. § 2255 are generally seen as *in pari materia*, the reasoning of cases in the context of § 2254 petitions applies equally to § 2255 petitions." (internal quotation marks omitted)).

hereby ORDERED that Torres's motion for a COA is DENIED and the appeal is DISMISSED.