RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 18a0020p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

IN RE: ADARUS MAZIO BLACK,

*Movant.*

No. 17-2147

On Motion to Authorize the Filing of a Second or
Successive Application for Habeas Corpus Relief
and Motion for a Certificate of Appealability.

Nos. 2:07-cr-20535-1; 2:13-cv-14185;
Eastern District of Michigan at Detroit.

Decided and Filed: January 31, 2018

Before: GUY, DAUGHTREY, and SUTTON, Circuit Judges.

_____

**COUNSEL**

_____

**ON RESPONSE:** Patricia Gaedeke, UNITED STATES ATTORNEY'S OFFICE, Detroit, Michigan, for Respondent. **ON MOTIONS:** Adarus Black, Tucson, Arizona, pro se.

_____

**ORDER**

_____

PER CURIAM. Adarus Mazio Black, a federal prisoner proceeding pro se, moves for authorization to proceed with a second or successive motion to vacate under 28 U.S.C. § 2255. He has also moved for a certificate of appealability.

Black was convicted in separate jury trials of conspiracy to possess with intent to distribute cocaine and marijuana and possession with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and escape or attempted escape from federal custody, in violation of 18 U.S.C. § 751(a). The district court sentenced him to an effective term

of life in prison. We affirmed the district court's judgment. *United States v. Black*, 465 F. App'x 510 (6th Cir. 2012). In 2013, Black sought relief under § 2255. The district court denied the motion to vacate and refused to issue a certificate of appealability.

In 2017, Black filed a motion under Federal Rule of Civil Procedure 60(b), seeking relief from the district court's order denying his § 2255 motion. Black argued that relief was warranted for five reasons: (1) the district court misapplied the law as to his claim that his trial counsel had a conflict of interest; (2) the district court misapplied the law as to his claim that his trial counsel rendered ineffective assistance in connection with a plea offer; (3) the district court erred by denying his § 2255 motion prior to receiving a supplemental brief; (4) the government committed fraud upon the court during his criminal trial; and (5) the district court erred by failing to conduct an evidentiary hearing. The district court determined that the first, second, and fourth grounds for relief were second or successive claims under § 2255 and transferred them to this court for a determination of whether Black may proceed. The district court otherwise denied Black's Rule 60(b) motion.

In this case, we must decide whether the district court properly transferred Black's first, second, and fourth grounds for 60(b) relief to this court as second or successive "claims" under § 2255. *In re Nailor*, 487 F.3d 1018, 1021–23 (6th Cir. 2007). It did if Black sought to add a new ground for relief or attacked the district court's merits decision. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). It did not if he merely attacked a defect in the integrity of the federal habeas proceedings. *Id.*

The first two grounds for relief are easy: Black argues that the district court "applied the wrong standard" or "applied the wrong doctrine" to his arguments about trial counsel's conflicts of interest and ineffective assistance. A.R. 13 at 5–6. Those arguments are prototypical "attacks [on] the federal court's previous resolution of [the] claim[s] *on the merits*." *Gonzales*, 545 U.S. at 532 (emphasis original).

The remaining ground is more complicated. Black argues that the Assistant U.S. Attorney "perpetrated fraud on the Court" before and during his criminal trial. *See* A.R. 13 at 7, 19–22. To be sure, *Gonzales* states that fraud on the court "is one example of . . . a defect" in

federal habeas proceedings. 545 U.S. at 532 n.5. But it referred to "[f]raud on *the federal habeas court*." *Id.* (emphasis added). Because Black's fraud-on-the-court argument concerns only the prosecutor's conduct during his trial, he has not called into question "the integrity of the federal habeas proceedings." *Id.* at 532. Every Circuit that has addressed this question agrees. *See Pizzuto v. Ramirez*, 783 F.3d 1171, 1180–81 (9th Cir. 2015); *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006); *cf. Fierro v. Johnson*, 197 F.3d 147, 153–54 (5th Cir. 1999); *United States v. MacDonald*, 161 F.3d 4, at *3 (4th Cir. 1998) (Table) (AEDPA does "not prevent a party who had previously filed a habeas petition from asserting that a prior petition had been denied based on fraud, unless the grounds for fraud themselves should have been raised in an earlier proceeding.").

Black does not argue that the allegedly fraudulent conduct during the trial proceedings tainted the district court's assessment of his federal habeas petition, for example, because government lawyers incorporated tainted trial-court evidence into the habeas-court record. But even if he did, we have rejected such a fraud-by-incorporation theory before. *See Thompkins v. Berghuis*, 509 F. App'x 517, 519–20 (6th Cir. 2013); *see also Carter v. Anderson*, 585 F.3d 1007, 1011 (6th Cir. 2009) (noting that fraud on the court requires proof that fraudulent conduct was willfully "directed to" the court that was deceived).

Because the three transferred grounds for relief raise successive claims, we must also decide whether to authorize Black to proceed with those claims. *See* 28 U.S.C. §§ 2244(b)(3)(C), 2255(h). We cannot do so. First, Black admits that he has already presented his two trial counsel claims. A look at his first § 2255 petition confirms that. *See* R. 241 at 26–27 (conflict of interest), 33–34 (ineffective plea assistance). Because Black "presented [these claims] in a prior application," they "shall be dismissed." 28 U.S.C. 2244(b)(1). Second, Black has not made a prima facie showing that his fraud-on-the-court claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court" or "newly discovered evidence" that would be sufficient to establish that "no reasonable factfinder would have found [him] guilty." 28 U.S.C. § 2255(h). Indeed, he concedes that *all three* of his claims "do not meet the criteria of 28 U.S.C. § 2244, as [they are] not [based on] newly discovered evidence, or a new rule of law." A.R. 14 at 1; *see also* A.R. 16 at 3.

Accordingly, we **DENY** Black's motion for authorization to proceed with a second or successive motion to vacate and his motion for a certificate of appealability.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk