NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 20a0006n.06

Case Nos. 18-3437/3764

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jan 07, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| IN RE: DONTE BOOKER, | ) | ON MOTIONS FOR |
| | ) | AUTHORIZATION TO FILE |
| Movant. | ) | SECOND OR SUCCESSIVE |
| | ) | HABEAS PETITIONS |

Before: COLE, Chief Judge; SILER and MURPHY, Circuit Judges.

**SILER**, Circuit Judge.  Petitioner-Appellant Donte Booker filed two motions in the district court—one styled as a motion to reopen habeas proceedings under Federal Rule of Civil Procedure 60(b) and another styled as a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2).  But those motions raised claims that collaterally attacked Booker's sentence.  As a result, the motions should have been transferred to this court for consideration as motions for authorization to file a second or successive § 2255 petition.

Instead, the district court concluded that it lacked jurisdiction to consider Booker's motions, based on a pending motion for authorization to file a second or successive § 2255 petition.  Then, it issued a certificate of appealability ("COA") on two issues.  But no matter.  We correct those errors by construing Booker's motions as motions for authorization to file successive habeas petitions.  And, since Booker has failed to demonstrate that his claims fall into one of the narrow

statutory exceptions that permit the filing of second or successive § 2255 petitions, his motions for authorization are DENIED.

I.

In 2013, Booker was convicted of attempted possession with intent to distribute five kilograms or more of cocaine. He was classified as a career offender because he had at least two prior felony convictions for crimes of violence. Booker was sentenced to 200 months of imprisonment, followed by five years of supervised release. This court affirmed his conviction and sentence on direct appeal. *United States v. Booker*, 596 F. App'x 390, 393 (6th Cir. 2015).

Then, in 2015, Booker filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The district court denied Booker's initial § 2255 motion and refused to grant a COA. *Booker v. United States*, No. 1:15-cv-1051, 2017 WL 1155464, at *1, 7 (N.D. Ohio Mar. 28, 2017). Booker appealed.

While his initial § 2255 appeal was pending, Booker filed a motion for authorization to file a second or successive § 2255 petition. This court denied Booker's application for a certificate of appealability in his initial § 2255 motion, *Booker v. United States*, No. 17-3357, 2017 WL 4535939, at *5 (6th Cir. Aug. 30, 2017) (order), and also denied Booker's motion for authorization to file a second or successive § 2255 petition. *In re Booker*, No. 17-3484, 2017 U.S. App. LEXIS 27811, at *3-4 (6th Cir. Aug. 30, 2017) (order).

In December 2017, Booker filed another motion for authorization to file a second or successive § 2255 petition. *Booker v. United States*, No. 17-4284 (6th Cir. filed Dec. 15, 2017). He claimed that: (1) his 1986 and 1987 Ohio robbery convictions no longer count as crimes of violence under Sixth Circuit precedent; (2) neither of his Ohio robbery convictions qualify as predicate offenses because he received an intervening summons between the charges; (3) his 2010

abduction conviction no longer qualifies as a crime of violence based on district court precedent; and (4) his attempted felonious assault conviction no longer constitutes a crime of violence.

Three days later, Booker filed a motion styled as a "Motion to Reopen 28 U.S.C. § 2255 pursuant [to] Fed.R.Civ.P. [sic] 60(b)." His new motion claimed: (1) his Ohio robbery convictions do not constitute predicate offenses based on an intervening summons between his 1986 and 1987 robbery charges; (2) his 2010 abduction and 2010 attempted felonious assault convictions must be counted together as one offense because they were imposed under a single sentence; and (3) his 2010 abduction conviction no longer qualifies as a crime of violence. In his motions for leave to file supplemental briefs in support of his motion to reopen, Booker argued that his 1986 and 1987 robbery convictions no longer qualify as crimes of violence under this court's decisions in *United States v. Yates*, 866 F.3d 723 (6th Cir. 2017), and *United States v. Johnson*, 708 F. App'x 245 (6th Cir. 2017).

In 2018, the district court granted the government's motion to strike Booker's Rule 60(b) motion. It held that Booker's December 2017 motion for authorization to file a second or successive habeas petition, which was pending in this court, divested the district court of jurisdiction to consider Booker's Rule 60(b) motion. Alternatively, it concluded that "even if Booker's appeal had not divested this Court of jurisdiction, this Court would not decide Booker's motion because it is actually a second or successive habeas petition." Booker appealed.[1]

Subsequently, this court denied Booker's December 2017 motion for authorization to file a second or successive habeas petition. *In re Booker*, No. 17-4284, 2018 U.S. App. LEXIS 7940,

---

[1] This appeal is docketed as *Booker v. United States*, No. 17-3437 (6th Cir. filed May 7, 2018), and is the lead case of the consolidated cases on appeal.

at *3-4 (6th Cir. Mar. 28, 2018) (order). We held that Booker had failed to make a prima facie showing that would warrant authorization to file a second or successive petition. *Id.*

Undeterred, Booker filed a motion styled as a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in May 2018. He supported his motion by arguing that his 1986 and 1987 Ohio robbery convictions no longer qualify as crimes of violence under USSG 4B1.1 based on Sixth Circuit precedent. Additionally, Booker argued that his 2010 conviction for abduction no longer qualifies as a crime of violence under the guidelines based on district court precedent.

The district court denied Booker's motion for reduction of sentence, concluding that it did not have jurisdiction to consider the motion because of a pending appeal. Even so, the district court acknowledged that it previously expressed no opinion on whether a COA should issue with respect to Booker's motion to reopen his § 2255 proceedings. Then, the district court granted a COA on "whether Booker was correctly designated a career offender and whether the Court properly struck Booker's previous motion to reopen." Booker appealed.[2]

## II.

The district court erroneously concluded that it lacked jurisdiction to consider Booker's motions based on a motion for authorization to file a second or successive § 2255 petition that was pending before this court. A motion for authorization to file a second or successive § 2255 petition is not a notice of appeal. A notice of appeal is filed in the district court. Fed. R. App. P. 3(a)(1). A motion for authorization to file a second or successive § 2255 petition, however, is properly filed in the appropriate court of appeals. *See* Rules Governing § 2255 Cases, Rule 9;

---

[2] This appeal is docketed as *Booker v. United States*, No. 18-3764 (6th Cir. filed Aug. 16, 2018), and is the second case of the two consolidated cases on appeal.

*see also* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A). As a result, Booker's pending motion for authorization did not divest the district court of jurisdiction to consider his subsequent motions.

Even so, the district court properly concluded in the alternative that Booker's motions were most appropriately construed as successive § 2255 petitions. A motion brought under Rule 60(b) is a second or successive habeas petition if it contains one or more "claims." *Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005). In this context, a motion advances a "claim" when it "seeks to add a new ground for relief" or "if it attacks the federal court's previous resolution of a claim *on the merits*." *Id.* at 532 (emphasis in original). This court has extended *Gonzalez*'s reasoning to motions to amend sentence under § 3582. *United States v. Carter*, 500 F.3d 486, 489-90 (6th Cir. 2007).

Here, Booker's motions sought to advance substantive claims that collaterally attacked his sentence. Regardless of caption or style, his motions substantively challenge his designation as a career offender. For instance, in Booker's motion to reopen, he claims that he was improperly classified as a career offender during sentencing because his convictions for robbery, felonious assault, and abduction no longer qualify as crimes of violence. He raised nearly identical claims in his motion for reduction of sentence. As a result, his motions contain substantive claims that must be raised in a § 2255 petition.

Booker's argument that *Gonzalez* is only applicable to claims brought under 28 U.S.C. § 2254 is unavailing. This court has applied the logic of *Gonzalez* to motions seeking relief under § 2255. *See In re Black*, 881 F.3d 430, 431 (6th Cir. 2018) (per curiam); *see also In re Nailor*, 487 F.3d 1018, 1022-23 (6th Cir. 2007).

Additionally, while Booker is correct that the government did not argue that his Rule 60(b) motion should be construed as a successive § 2255 below, his argument about waiver is

unpersuasive. The district court held sua sponte that even if it had jurisdiction it could still not consider Booker's claims on the merits because they constituted collateral attacks on his sentence. As such, this argument was not raised for the first time on appeal and the government's failure to raise the argument below is of no moment.

Having properly concluded that Booker's motions were successive habeas petitions, the district court should have transferred the motions to this court to consider whether to authorize the filing of successive habeas petitions. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam); *see also* 28 U.S.C. § 2244(b)(3). Instead, it struck the motion to reopen under Rule 60(b), denied the motion for reduction of sentence, and issued a COA on two issues, including whether Booker was properly classified as a career offender. Even so, we remedy those errors by construing Booker's motions as motions for authorization to file successive habeas petitions.

Although the district court issued a COA on whether Booker was properly classified as a career offender, our initial review is limited to determining whether Booker should be permitted to file a successive habeas petition. We may authorize a second or successive § 2255 petition only if Booker makes a prima facie showing that his claims rely on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or on "newly discovered evidence" that "would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [Booker] guilty of the offense." 28 U.S.C. § 2255(h).

Booker has failed to demonstrate that his claims rely on any new rule of constitutional law or newly discovered evidence that would permit him to file successive § 2255 petitions. Booker cites *United States v. Yates*, 866 F.3d 723 (6th Cir. 2017) and *United States v. Burris*, 912 F.3d 386 (6th Cir. 2019) in support of his claims. But these cases are not helpful for Booker because

they are not new rules of constitutional law made retroactive to cases on collateral review *by the Supreme Court*. Furthermore, he provides no newly discovered evidence in support of his claims. This appeal constitutes at least the third time that Booker has collaterally attacked his sentence based on an intervening summons between his 1986 and 1987 Ohio robbery charges. And, as this court previously explained, legal decisions do not constitute new evidence for the purpose of a habeas petition. *See In re Booker*, No. 17-4284, 2018 U.S. App. LEXIS 7940, at *4 (6th Cir. Mar. 28, 2018). As a result, Booker has not demonstrated that he should be authorized to file successive § 2255 petitions.

In sum, Booker's motions raise substantive claims that collaterally attack his sentence. As such, the motions must be considered as motions for authorization to file successive habeas petitions. Still, since Booker's claims fail to meet one of the statutory exceptions that authorize the filing of a successive habeas petition, his motions must be denied.

III.

Booker's motions—properly construed as motions for authorization to file successive § 2255 petitions—are **DENIED**.