21-959-cv
*Joseph v. Springer Nature Am. Inc.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

     **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of December, two thousand twenty-one.**

PRESENT:    JOSÉ A. CABRANES,
                 RAYMOND J. LOHIER, JR.,
                 EUNICE C. LEE,
                           *Circuit Judges.*

————————————————————————

RHAWN JOSEPH,

          *Plaintiff-Appellant*,

       v.                                     21-959-cv

SPRINGER NATURE AMERICA INC. and
SPRINGER NATURE ACADEMIC
PUBLISHING LLC,

          *Defendants-Appellees*,

SPRINGER NATURE, SPRINGER, a
subsidiary of Springer Nature, ELIAS
BRINKS, JEREMY MOULD, DOES 1-10,
sued in their individual capacities and as co-
conspirators, SPRINGER SCIENCE +
BUSINESS MEDIA LLC, SPRINGER
VERTAG NEW YORK LLC,

*Defendants.*[*]

FOR PLAINTIFF-APPELLANT:    Rhawn Joseph, *pro se*, San Jose, CA.

FOR DEFENDANTS-APPELLEES:    Jeremy Chase and Robert D. Balin, Davis Wright Tremaine LLP, New York, NY.

Appeal from an order, entered April 12, 2021, by the United States District Court for the Southern District of New York (John P. Cronan, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the April 12, 2021 order of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Rhawn Joseph, proceeding without counsel, appeals from an order of the District Court dismissing his Second Amended Complaint after Defendants-Appellees Springer Nature America, Inc. and Springer Nature Academic Publishing LLC (the "Appearing Defendants") filed a motion to dismiss Joseph's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] As alleged, an academic journal called *Astrophysics and Space Science* — owned by the Appearing Defendants — first published and then retracted an article written by Joseph concerning the possibility of life on Venus. Joseph also alleges that he submitted a second article discussing the possibility of life on Mars to the journal, but that after the journal expressed concerns, he withdrew that article from consideration. This suit followed, in which Joseph raised several claims including copyright infringement, breach of contract, tortious interference with contract, libel, fraud, negligence, and intentional infliction of emotional distress. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. Finding no error in the District Court's careful consideration of Joseph's claims, we decline to disturb its order.

We review a district court's dismissal of a complaint under Rule 12(b)(6) *de novo*. *See Com. Cleaning Servs., L.L.C. v. Colin Serv. Sys., Inc.*, 271 F.3d 374, 380 (2d Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

---

[*]    The Clerk of Court is directed to amend the caption of this case as set forth above.

[1]    The remaining Defendants (the "Non-Appearing Defendants") have not appeared before the District Court or this Court.

the misconduct alleged." *Id.* "In addressing the sufficiency of a complaint we accept as true all factual allegations and draw from them all reasonable inferences; but we are not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013).

The District Court dismissed each of Joseph's claims against the Appearing Defendants and *sua sponte* dismissed his claims against the Non-Appearing Defendants as frivolous. *Joseph v. Springer Nature*, No. 20-CV-4672 (JPC), 2021 WL 1372952, at *9 (S.D.N.Y. Apr. 12, 2021). It dismissed all the claims with prejudice, with one exception: it dismissed Joseph's fraud claim based on the theory that Defendants allegedly failed to refund Joseph approximately $3,200 without prejudice to being refiled in state court.[2] *Id.*

Joseph now argues that the District Court's dismissals were erroneous as to each of his claims and asks that we reverse the District Court's order in its entirety. Upon review of the record and relevant law, we conclude that the District Court's dismissal of each claim was proper, substantially for the reasons stated in its thorough April 12, 2021 opinion. We therefore find no need to recite the relevant elements of each claim or to repeat how Joseph's allegations fail to plausibly state facts sufficient to state each claim.

Joseph further argues on appeal that we should remand to permit him to amend his complaint for a third time — a request that the District Court rejected. While a *pro se* plaintiff should be afforded leave to amend following dismissal "when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks omitted), we conclude — as the District Court did — that amendment would be futile. The "problem[s] with [Joseph's] causes of action [are] substantive; better pleading will not cure [them]." *Id.* Because Joseph has already had two chances to amend his complaint and the substantive problems with it remain, we affirm the District Court's decision to deny Joseph's motion to amend his complaint a third time.

Finally, we address two motions Joseph has filed on appeal. First, Joseph moves to supplement the record pursuant to Rule 10(e) of the Federal Rules of Appellate Procedure with evidence that the licensing agreement was "fake." ECF No. 68, at 1-2. Rule 10(e) allows a party to supplement the record only when the party omitted material evidence "by error or accident," Fed. R. App. P. 10(e)(2), and we have made clear that "Rule 10(e) is not a device for presenting evidence to this Court that was not before the trial judge," *Natofsky v. City of New York*, 921 F.3d 337, 344 (2d

---

[2] The District Court declined to reach the merits of this fraud claim, instead noting that the amount in controversy fell far below the jurisdictional threshold for diversity jurisdiction, *see* 28 U.S.C. § 1332(a), and therefore declined to exercise jurisdiction over the claim.

Cir. 2019) (internal quotation marks omitted).  Joseph has not adequately explained why the omission of this evidence — which includes screenshots of the Defendants' website and Google search results about retractions and licenses — before the District Court was by error or accident. *See Leibowitz v. Cornell Univ.*, 445 F.3d 586, 592 n.4 (2d Cir. 2006).  Accordingly, we decline to depart from our general rule that "federal appellate courts will not consider . . . evidence which [is] not part of the trial record," *Int'l Bus. Machs. Corp. v. Edelstein*, 526 F.2d 37, 45 (2d Cir. 1975), and therefore deny Joseph's motion to supplement.  We similarly decline to take judicial notice of the evidence under Federal Rule of Evidence 201.

Second, Joseph moves to set aside the judgment pursuant to Federal Rule of Civil Procedure 60(d)(3), alleging that the Defendants are committing "[f]raud on the Court" by submitting copies of agreements that Joseph claims are "fake and fraudulent."  ECF No. 70, at 1-2.  A Rule 60 motion seeking relief from a judgment alleged to have been obtained by fraud should be brought before the trial court in the first instance.  *See Torres v. United States*, 833 F.3d 164, 165 (2d Cir. 2016) (explaining that the purpose of Rule 60(d) is to "allow district courts, in appropriate circumstances, to grant relief from a judgment or final order").

## CONCLUSION

We have considered all of Joseph's remaining arguments and find them to be without merit. For the foregoing reasons, therefore, we **AFFIRM** the April 12, 2021 order of the District Court and **DENY** Joseph's September 18, 2021 motion to supplement the record and his September 20, 2021 motion to set aside the judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4